H. E. SMITH, Jr., and wife, Waulean H. Smith, Appellants,

v.

W. S. KINCADE et al., Appellees.

No. 15313.

United States Court of Appeals Fifth Circuit.

April 18, 1956.

Cecil Sims, Nashville, Tenn., Chester L. Sumners, Oxford, Miss., Nelson, Norvell & Floyd, Memphis, Tenn., Smallwood, Sumners & Hickman, Oxford, Miss., of counsel, for appellants.

Roberson, Luckett & Roberson, Clarksdale, Miss., for appellee Five Star Mfg. Co.

James T. Kendall, Semmes Luckett, Clarksdale, Miss., Gordon & Kendall, Jackson, Miss., of counsel, for other appellees.

Before HUTCHESON, Chief Judge, and JONES and BROWN, Circuit Judges.

JONES, Circuit Judge.

The appellants, H. E. Smith, Jr. and Waulean H. Smith, his wife, were plaintiffs in a suit against W. S. Kincade and Eva Dunn Kincade, his wife, and The Five Star Manufacturing Company, a corporation. The plaintiffs reside in Florida. The individual defendants are residents of Mississippi. The Five Star Manufacturing Company is a Minnesota corporation having its principal place of business in North Dakota. The plaintiffs allege that the corporate defendant is doing business in Mississippi. This is denied by the corporation. Federal jurisdiction is based upon diversity of citizenship. The corporation's business from the time of its organization in 1947 until late in 1951 or early in 1952 was the manufacture and sale of heaters. Delta Manufacturing Company of Clarksdale, Mississippi, made heaters for the corporation from the spring of 1951 until the time of the suit. The heaters were hauled by truck to the corporate defendant at its place of business in Grand Forks, North Dakota, where orders for heaters were received and filled. The plaintiffs and the individual defendants each owned half of the stock of the corporate defendant.

The plaintiffs, in their complaint, set forth their version of controversies with the individual defendants regarding the corporate defendant and with respect to transactions with it and among themselves. The plaintiffs alleged that the corporation was indebted to H. E. Smith, Jr. for salary, rent and the purchase price of patent rights aggregating more than $125,000. They admitted an indebtedness to the corporation of approximately $87,000, and asserted that the corporation claimed, but did not have, a lien upon their stock as security for this debt. They prayed for a declaration of the rights and liabilities of the parties and a determination that the corporation had no lien upon their stock. The defendant, Five Star Manufacturing Company, answered and denied that it was indebted to the plaintiffs. In a pleading called by it a counterclaim but which the plaintiffs insist is a cross-claim, the corporate defendant set up the indebtedness of the plaintiffs to it, alleged specific pledges of 80 shares of the stock of the corporation and prayed, among other things, that the court adjudicate the amount due it from plaintiffs and appoint a commissioner or master to take possession of and sell "plaintiffs' shares of stock in this defendant". In a reply to the "counterclaim" the plaintiffs

urged dismissal of the counterclaim on the ground that the corporation was doing business in Mississippi but was not qualified in that state and hence was unable to obtain affirmative relief.

The case was tried without a jury. The trial court found that the corporation owed H. E. Smith, Jr. rent in the amount of $7,500, but for none of the other alleged obligations. On the counterclaim the court found that H. E. Smith, Jr. owed the corporation the amount evidenced by the notes. There was no finding as to a lien upon or pledge of the stock. By judgment dated May 12, 1954, and entered May 14, 1954, the complaint was dismissed, judgment was entered on the counterclaim for the corporation against H. E. Smith, Jr., for $88,610, and H. E. Smith, Jr. was given judgment for $7,500 against the corporation conditioned, except as a credit on the judgment against him, upon the payment by him of the judgment in favor of the corporation. It was provided that unless the judgment awarded the corporation was paid on or before June 12, 1954, a commissioner, appointed by the court, should sell at public outcry "plaintiffs' stock" in the corporation, which was "declared to be fifty per cent of the outstanding stock of the corporation and to include all of the stock of the corporation other than that outstanding" in the individual defendants.

The plaintiffs filed, on June 14, 1954, a petition for postponement of the sale for thirty days reciting their hope that they could, within the thirty-day period, redeem "their stock, which constitutes 50 per cent of the outstanding stock in the said corporation." The petition for postponement alleged that plaintiffs had brought a suit on June 9, 1954, in a state court of Minnesota for the dissolution and liquidation of Five Star Manufacturing Company in which, plaintiffs averred, the rights of the corporation and its creditors would be fully adjudicated and protected. Abatement was sought pending liquidation and dissolution in the Minnesota proceedings. The plaintiffs, in this petition for postponement, averred that the individual defendants held a judgment against the corporate defendant for $260,000 through which, by levy and sale, the corporation could be divested of assets, that the individual defendant, W. S. Kincade, permitted the corporation to lose its license to manufacture the heaters and that because of these and other factors, the stock of plaintiffs might be without monetary value. The postponement was denied, the sale was held and the corporation was the high bidder with an offer of $40,000 for plaintiffs' stock. The plaintiffs filed a petition for a resale which the court granted with the proviso that bond be given conditioned upon the second sale producing a bid of at least twenty per cent more than on the first sale.

On July 16, 1954, three days before the time for the second sale of the stock, the plaintiffs filed a petition and motion, invoking Rule 60 of the Federal Rules of Civil Procedure, 28 U.S.C.A. In this petition the plaintiffs took the position that under the doctrine of Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, the laws of Minnesota, where Five Star Manufacturing Company was incorporated, controlled the case and the rights of all parties. It was stated that of the 100 shares of stock owned by plaintiffs the commissioner had possession of certificates evidencing only 80 shares and that no more could be sold under the Minnesota law. As to the other 20 shares, plaintiffs averred that no certificate had ever been issued to them and this stock was pledged to unnamed persons in Tennessee against contingent liabilities. By this motion, based upon Rule 60(b) (5), Fed.Rules Civ.Proc. the plaintiffs sought an order staying all proceedings pending the outcome of the dissolution and liquidation suit in Minnesota; setting aside the order for a resale of the stock; restraining a levy by the individual defendants on any assets of the corporation; and amending all pertinent orders so as to exclude their operation on the

20 shares alleged to be pledged to residents of Tennessee.

The second sale was held on July 19, 1954, and a bid of $56,000 was made by Five Star Manufacturing Company. The Commissioner reported the bid and a sale pursuant thereto and the corporation moved for confirmation. The plaintiffs, on July 24, 1954, filed exceptions to the Commissioner's Report and objected to its being confirmed. The matters previously asserted were again stated. On July 26, 1954, the plaintiffs moved to set aside and quash the final judgment, and the orders previously entered. By this motion it was urged that Five Star Manufacturing Company is engaged in business in Mississippi but has not designated, as required by a statute of that state, an agent for service of process in the state; and under the statutory prohibition preventing corporations not in compliance with the act from bringing or maintaining an action in any court of the state, the Federal District Court was without jurisdiction of the claim of the corporation against the plaintiffs. The District Court, on July 26, 1954, ordered that the petitions and motions of the plaintiffs and their objections to the confirmation of the second sale, be denied. On the same day a judgment was entered confirming the sale and awarding to the corporation a deficiency judgment against H. E. Smith, Jr. On July 28, 1954, the plaintiffs filed their notice of appeal "from the orders and final judgment of the court rendered herein on July 26, 1954, and all antecedent orders and decrees adverse to said plaintiffs, this being a general appeal." The defendant corporation has filed in this court two motions to dismiss, one directed to so much of the appeal as relates to the judgment of May 12, 1954, and the other directed to the appeal generally, both motions asserting that the appeal was not perfected within the prescribed time.

■■ The motion to dismiss must be granted as to the attempt to appeal from the judgment dated May 12, 1954. This judgment was a final determination of the rights of the parties. It provided for the execution thereafter of the provisions of the judgment. The subsequent proceedings were, in no small measure, the efforts of the appellants to delay and defeat the execution of the judgment. "A judgment is final for the purpose of appeal when it terminates the litigation on the merits and leaves nothing to be done but to enforce by execution what has been determined." Milton v. United States, 5 Cir., 1941, 120 F.2d 794, 795. The appeal not having been taken for more than thirty days after the date of the judgment, it came too late. The appeal, to the extent it relates to the order or judgment denying the plaintiffs' motion for relief under Rule 60(b), Fed. Rules Civ.Proc. and denying their exceptions to the Commissioner's Report and objections to the sale, was timely and will be considered.

■ The appellants bring before us the Mississippi statute requiring the designation by corporations of a resident agent for the service of process, and the construction of that statute by the Supreme Court of the United States in Woods v. Interstate Realty Co., 337 U.S. 535, 69 S.Ct. 1235, 93 L.Ed. 1524. The statute provides:

"Every foreign corporation doing business in the State of Mississippi * * * shall file a written power of attorney designating the secretary of state or in lieu thereof an agent as above provided in this section [for the service of process] upon whom service of process may be had in the event of any suit against said corporation * * *. Any foreign corporation failing to comply with the above provisions shall not be permitted to bring or maintain any action or suit in any of the courts of this state". Miss.Code 1942, Ann. § 5319.

This section of the Mississippi statutes was construed in Woods v. Interstate Realty Co., supra, and it was there held that the prohibition against the noncomplying corporation was applicable in a federal court in a diversity case to the

same extent as in a court of the State of Mississippi. The appellants, having sought an adjudication as to whether the indebtedness of the plaintiff, H. E. Smith, Jr., to the corporate defendant, was secured by the plaintiffs' stock placed the corporation in a situation where it was permitted, and indeed might have been required, to assert its counterclaim against the plaintiffs under Rule 13, Fed.Rules Civ.Proc. The Mississippi statutory prohibition against bringing or maintaining actions or suits does not prevent a defendant from interposing defenses when sued nor preclude the asserting and recovering upon a counterclaim. 20 C.J.S., Corporations § 1859, p. 83. The claim asserted by the corporate defendant against the plaintiff, H. E. Smith, Jr. is a counterclaim and was properly interposed as such. Rule 13, Fed.Rules Civ.Proc. This holding is not at variance with that announced in Woods v. Interstate Realty Co., supra. There was no error in the refusal of the district court to abate this action pending the outcome of the proceeding in Minnesota to liquidate and dissolve the corporation. The plaintiffs, having brought an action against the corporation, cannot escape the result of an adverse judgment by a proceeding such as has been instituted in Minnesota.

The plaintiffs urge that the district court erred in ordering the sale of the 20 shares of stock which they say they had pledged to some unnamed person, and in confirming the sale. As to the alleged error in ordering and confirming the sale, the objection comes too late as the appeal from the judgment directing the sale was final and, as we have before said, the appeal as to such judgment was not taken within the time allowed. Having twice permitted the stock to be offered for sale without indicating that the 20 shares were in any different situation than the other 80 shares, the attempt to interject the question after the sale was made and reported comes too late. Questions which could have been and should have been raised before and determined by the final judgment cannot be thereafter raised and made the basis for an assignment of error.

The appeal from the judgment dated May 12, 1954, is dismissed, and the judgment dated July 26, 1954, is

Affirmed.