## Delaney v. M. & O. Coal Company

*Kolb, Holland, Antonelli & Heffner,* for plaintiff.
*McFadden & Riskin,* for defendant.

BARTHOLD, P. J., September 23, 1968.—Plaintiff, Ralph O. Delaney, by writ of foreign attachment, commenced suit against defendant, M. & O. Coal Company, and defendant, Donald D. Saxton, principal officer of defendant company. Thereafter, plaintiff filed a complaint, claiming that defendants (1) failed to properly account for commissions and expenses due him as salesman for the company; (2) discharged plaintiff from employment without just cause; (3) refused to pay plaintiff certain pension or profit-sharing benefits; and (4) interfered with plaintiff's business operations subsequent to his discharge from employment.

Defendant company filed an answer containing new matter and a counterclaim. The counterclaim contains three counts: (1) a claim for $2,000 evidenced by a judgment note given by plaintiff to defendant company; (2) a claim for $706.70 for unauthorized personal telephone calls charged by plaintiff to defendant company's account; and (3) a claim for $500 in unused travel allowances advanced to plaintiff by defendant company.

Plaintiff filed preliminary objections in the nature of a motion to strike the new matter and counterclaim. The motion to strike the new matter has been withdrawn, and the motion is now confined solely to the counterclaim.

In support of the motion to strike the counterclaim plaintiff averred that: defendant company was a foreign corporation doing business in Pennsylvania; defendant company did not obtain a certificate of authority from the Department of State, as required by section 1001 of the Pennsylvania Business Corporation Law of May 5, 1933, P.L. 364, 15 PS §2001, and that defendant is, therefore, precluded from

maintaining any action in any court in this Commonwealth.*

No notice to plead was endorsed on the preliminary objections; therefore, defendant company was not required to file a responsive pleading (Pennsylvania Rule of Civil Procedure 1026) and the facts averred in the preliminary objections must be deemed denied: Oppenheimer v. Bland, 10 D. & C. 2d 247 (C. P. Schuylkill 1956); Rosen v. Lufthansa German Airlines, 41 D. & C. 2d 701 (C.P. Allegheny 1966).

In the circumstances, defendant company insists that plaintiff must establish by evidence (1) that defendant company was a foreign corporation doing business in Pennsylvania, and (2) that defendant company did not obtain a certificate of authority to do business in Pennsylvania.

We need not pass upon this question for even if plaintiff established these facts this would not prevent defendant company from interposing a counterclaim arising out of the transaction in suit.

A high degree of uniformity exists throughout the United States regarding the ability of unregistered foreign business corporations doing business in a state to *defend* all variety of suits brought in that State. It is generally held that a statute merely prohibiting the commencement, maintenance or prosecution of an action does not prevent a foreign corporation which has not complied with the statute from

---

*Act of May 5, 1933, P.L. 364, art. X, sec. 1014, 15 PS §2014:

"No foreign business corporation transacting business in this Commonwealth without a certificate of authority shall be permitted to maintain any action in any court of this Commonwealth until such corporation shall have obtained a certificate of authority."

*defending a suit* brought against it: Smith v. Kincade, 232 F.2d 306, 310 (debt owed defendant by plaintiff); Haberman v. Equitable Life Assur. Soc., 224 F.2d 401 (rescission); Gill v. S.H.B. Corp., 332 Mich. 700, 34 N.W. 2d 526 (contract).

The basic question in the case at bar is whether noncompliance by a foreign corporation with a statute prohibiting a foreign corporation from maintaining suits in the courts of the State until it has obtained a certificate of authority to do business in the State will bar a recovery by a foreign corporation on a counterclaim growing out of the transaction on which plaintiff sued. We have been unable to find any Pennsylvania cases deciding this question, but there is ample and well-considered authority holding that such statute does not bar a foreign corporation from interposing a counterclaim arising out of the transaction in suit: Burley Newspapers, Inc. v. Mist Publishing Co., 414 P. 2d 460, 464, 90 Idaho 510; Smith v. Kincade, 232 F.2d 306, supra; Flakne v. Metropolitan Life Insurance Co., 270 N.W. 566, 569, 198 Minn. 465; Jas. Howden & Co. v. Amer. Condenser & Engineering Corp., 185 N.Y. Supp. 159, affirmed 231 N.Y. 627, 132 N.E. 915; Intra-Mar Shipping (Cuba) S.A. v. John S. Emery & Co., 11 F. R. D. 284; Bellak v. Bon Specialty Co., Inc., 80 N.Y.S. 2d 248. See also 20 C.J.S., Corporations, §1859, p. 83, and vol. 18 Fletcher Cycl. Corporations, (Permanent Ed.) sec. 8627, p. 50.

The foregoing decisions are based on two theories: (1) plaintiff, by bringing defendant into court, is estopped from claiming that defendant has no right to be in court; and (2) a counterclaim may be one important part of a defendant's position and "there appears to be no undue hardship on plaintiffs in allowing, within limits, the presentation of counter-

claims, whereas their prohibition might permit claims to be presented with less than full disclosure of the probative facts while simultaneously distorting the purpose behind the maintenance-of-suit disability": 110 U. of P. Law Review, Legal Consequences of Failure to Comply with Domestication Statutes, pages 241, et seq., at page 262.

It is important to note that defendant-company was brought into court by plaintiff and that the several counterclaims arise out of the transaction in suit.

Tested by the legal principles set forth in the above-cited cases, which represent the weight of authority, we hold that the Pennsylvania statute prohibiting an unregistered foreign corporation from maintaining any action in any court in this Commonwealth does not bar defendant company's counterclaim.

### ORDER OF COURT

And now, September 23, 1968, plaintiff's preliminary objections in the nature of a motion to strike off defendant company's counterclaim are dismissed and leave is granted plaintiff to plead over within 20 days from the date of this order.