FRED HALE MACHINERY, INC., Plaintiff-Third Party Plaintiff-Appellee,

v.

LAUREL HILL LUMBER COMPANY, INC., et al., Defendants-Appellants, Glenn Machine Works, Inc., Third Party Defendant.

No. 72-2802.

United States Court of Appeals, Fifth Circuit.

July 6, 1973.

———————

Thomas C. Brackett, pro se.

William J. Baxley, Atty. Gen., Thomas W. Sorrells, Don C. Dickert, Asst. Attys. Gen., Montgomery, Ala., for defendants-appellees.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

Weaver E. Gore, Jr., Jackson, Miss., Richard T. Watson, Woodville, Miss., Thomas H. Watkins, Jackson, Miss., for appellants.

G. Lowrey Lucas, Alvin M. Binder, Jackson, Miss., for appellee.

Dudley H. Carter, Columbus, Miss., for Glenn Machine.

Before TUTTLE, THORNBERRY and DYER, Circuit Judges.

THORNBERRY, Circuit Judge:

Laurel Hill Lumber Company, a Mississippi corporation, appeals from a jury verdict awarding Fred Hale Machinery, a Louisiana corporation, $27,082.62 as the balance owing under a contract to design and supply certain sawmill machinery, and denying Laurel Hill any recovery on its counterclaim for breach of express and implied warranties governing the transaction. We affirm.

In September 1968, after the parties had conducted negotiations in Louisiana and Mississippi, Fred Hale Machinery entered a contract with Laurel Hill to design, furnish plans for, and supply the component parts of a log conveyor and debarker system for use at Laurel Hill's sawmill in Mississippi. In addition, Fred Hale later agreed to supervise the assembly and the installation of the components. Pursuant to this agreement, Fred Hale designed the system and purchased components to meet Laurel Hill's specifications from manufacturers in Mississippi and Georgia. The contract

called for Laurel Hill to purchase the components from Fred Hale Machinery "f.o.b. point of manufacture"; Fred Hale Machinery apparently had no part in transporting the components from the places of manufacture in Georgia and Mississippi to Laurel Hill's sawmill. Fred Hale employees, however, played a large role in assembling the components once they arrived at the sawmill; and, in addition to supervising the installation of the system, Fred Hale employees worked intermittently at the sawmill performing various other jobs during the installation process.

It is undisputed that the system functioned poorly after installation was completed in May 1969; but a sharp dispute developed at trial over the cause of the troubles. Laurel Hill blamed Fred Hale's failure to design and supply components in accordance with contract specifications. Witnesses for Fred Hale, on the other hand, claimed that the difficulties were caused by Laurel Hill's use of logs that were too large for the system to accommodate, and by its reliance on unskilled and inexperienced employees to operate the system. In any event, Laurel Hill stopped making payments under the contract, claiming that malfunctions in the system were causing it considerable losses due to shut-down time and expenses for replacement parts and labor. Fred Hale sued in the court below to foreclose a laborer's and materialman's lien on the sawmill premises, or alternatively to recover the amount due under the contract. Laurel Hill counterclaimed, seeking incidental and consequential damages for Fred Hale's alleged breach of express and implied warranties covering the design and operation of the system. From a jury verdict in Fred Hale's favor, Laurel Hill appeals, raising two contentions.

■■■ First, Laurel Hill argues that Fred Hale was prohibited from bringing the instant suit by a Mississippi statute, Miss.Code § 5309–239, which prohibits a foreign corporation not qualified to do business in Mississippi from bringing suit "in any court of this State." It is without dispute that, at the time of the execution of the contract in question, Fred Hale, a Louisiana corporation, was not qualified to do business in Mississippi. It is equally clear that the phrase "in any court of this State" precludes an unqualified corporation's resort, not only to Mississippi state courts but also to federal courts in Mississippi, with regard to actions arising out of purely intrastate activities. Woods v. Interstate Realty Co., 337 U.S. 535, 69 S.Ct. 1235, 93 L.Ed. 1524 (1949). Such statutes as this one, however, cannot be enforced if their application would unreasonably burden interstate commerce by prohibiting suits growing out of transactions in interstate commerce. York Manufacturing Co. v. Colley, 247 U.S. 21, 38 S.Ct. 430, 62 L.Ed. 963 (1918); Transit Bus Sales v. Kalamazoo Coaches, Inc., 6th Cir. 1944, 145 F.2d 804. For reasons adequately stated in the trial court's Memorandum Order of June 30, 1972, denying appellant's motion for judgment notwithstanding the verdict, we believe that the facts of this case—that negotiations were conducted in Louisiana and Mississippi, that appellee arranged to supply components from manufacturers in Mississippi and Georgia, and that appellee sent its employees to Mississippi in connection with the assembly and installation of the system—gave this transaction an interstate character, and that application of Miss.Code § 5309–239 would in this case create an unreasonable burden on interstate commerce. Accordingly, we hold that the Mississippi statute did not bar Fred Hale from filing the instant suit in the court below.

■■ ■ Secondly, Laurel Hill claims that it was prejudiced by the trial court's instruction to the jury that, if Laurel Hill had "accepted" the system by making use of it, then it was barred from all recovery on its counterclaim for breach of express and implied warranties governing the design and operation of the system. The jury, however, found that the system was "designed, manufactured and installed in such a

manner that it could be used for its intended purpose," and that the plans and specifications for the system were "adequate for the purposes for which prepared in accordance with the explanations and instructions" of the president of Laurel Hill. In our view, these findings are tantamount to a determination by the jury that the express and implied warranties governing the sale of the system were not breached. Even if Laurel Hill had not, under Mississippi law, waived its right to assert breach of warranty by "accepting" the system, it could not recover on its counterclaim if it failed to prove that Fred Hale had breached a warranty. In short, the challenged jury instruction was, at most, harmless error.

The judgment is affirmed.