## 52370. VAN BERGEN BELFOUNDRIES, INC. v. EXECUTIVE EQUITIES, INC.

BELL, Chief Judge.

This is a suit for the anticipatory breach of contract. The trial court granted defendant's motion for directed

verdict. One of the grounds of the motion was that plaintiff, a foreign corporation, had not obtained a certificate of authority to transact business in this state as required by Code Ann. § 22-1401 (a) prior to the commencement of the suit and that as a consequence of this failure, plaintiff was prohibited from maintaining the suit under the authority of Code Ann. § 22-1421 (b). *Held:*

A foreign corporation is not considered transacting business within this state and thus does not fall within the above statutory provision when "(11) Conducting an isolated transaction not in the course of a number of repeated transactions of like nature." Code Ann. § 22-1401 (b) (11). Plaintiff on appeal, while admitting that it did not obtain a certificate of authority, argues that the evidence shows that the transaction here falls within the exception. According to plaintiff, it contracted with defendant in this state for the sale and delivery of a carillon bell for installation at defendant's cemetery. The vice president of the plaintiff corporation testified that the corporation was engaged in the manufacture and sale of carillons and church bells and that they had performed other "jobs" for the First Baptist Church in Lawrenceville, Georgia, the Methodist Church and St. Jude's Catholic Church in Sandy Springs and the North Avenue Presbyterian Church in Atlanta. In addition a letter written by this witness to the president of defendant corporation was admitted showing on the letterhead that plaintiff had "General offices" in "Atlanta, Georgia." Also admitted was a sales brochure which also stated plaintiff had "General offices" in Atlanta. This evidence and the inferences drawable demand the conclusion that plaintiff had engaged in a number of transactions of like nature in Georgia and that the transaction here was not an isolated one. See *Winston Corp. v. Park Elec. Co.,* 126 Ga. App. 489 (191 SE2d 340). Therefore, plaintiff is barred from maintaining this suit under Code Ann. § 22-1421 (b). The trial judge did not err in directing a verdict for defendant.

*Judgment affirmed. Clark and McMurray, JJ., concur.*

Argued July 12, 1976 — Decided July 15, 1976.

*Ronald N. Winston, Drew, J. Kovalak,* for appellant.
*Hatcher, Meyerson, Oxford & Irvin, Henry M. Hatcher, Jr.,* for appellee.