617 F.2d 110
 ENVIRONMENTAL COATINGS, INC., Plaintiff-Appellee,
v.
BALTIMORE PAINT AND CHEMICAL COMPANY, a division of Dutch
Boy, Inc. and Dutch Boy, Inc.,
Defendants-Third-Party Plaintiffs-Appellants,
v.
Jerry L. BRATU et al., Third-Party Defendants-Appellees.
 No. 79-3495
Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 May 15, 1980.
 
 Rogers, Morris & Fair, P. A., Eugene L. Fair, Hattiesburg, Miss., for defendants-third-party plaintiffs-appellants.
 Joseph A. O'Connell, Hattiesburg, Miss., for plaintiff-appellee.
 Appeal from the United States District Court for the Southern District of Mississippi.
 Before AINSWORTH, FAY and RANDALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant Baltimore Paint and Chemical Company challenges the district court's dismissal of its counterclaim and third-party complaint in a diversity action initiated by appellee Environmental Coatings, Inc. The trial court dismissed Baltimore Paint's claim because it had not qualified to do business in Mississippi as a foreign corporation. Under Miss.Code Ann. § 79-3-247 (1972),[1] a foreign corporation which has not obtained from Mississippi's secretary of state a certificate of authority to transact business in the state may not maintain an action in any courts in Mississippi. We find that this door-closing statute, however, does not deprive a defendant of the right to present compulsory counterclaims and third-party complaints. Accordingly, we reverse the dismissal of appellant's claims and remand for trial.
 
 
 2
 Appellee Environmental Coatings, Inc., was a distributor for appellant Baltimore Paint, a division of Dutch Boy, Inc. Environmental Coatings brought a diversity suit against Baltimore Paint for breach of their paint distributorship contract, and Baltimore Paint sought to counterclaim for contract breach damages and to implead the personal guarantors of Environmental Coatings. Finding that Baltimore Paint engaged in intrastate commerce within Mississippi and had failed to qualify to do so, the trial court held that Miss.Code Ann. § 79-3-247 (1972) barred Baltimore Paint's counterclaim and its third-party complaint.
 
 
 3
 Baltimore Paint appeals that dismissal, asserting that Miss.Code Ann. § 79-3-247 (1972) deprives such nonqualifying corporations of any right to initiate a lawsuit, but not of the right to defend, to bring compulsory counterclaims, and to implead third parties.
 
 
 4
 The parties do not contest the applicability of section 79-3-247 to federal courts in Mississippi. The United States Supreme Court in Woods v. Interstate Realty Co., 337 U.S. 535, 69 S.Ct. 1235, 93 L.Ed. 1524 (1948), concluded that an earlier Mississippi disqualification statute did bar an action in federal court brought by a nonqualifying foreign corporation. Under the Woods rationale, the current disqualification statute is likewise applicable to federal courts sitting in Mississippi. See id. at 538. See also Fred Hale Machinery, Inc. v. Laurel Hill Lumber Co., 483 F.2d 58, 60 (5th Cir. 1973).
 
 
 5
 Neither this court nor the Mississippi Supreme Court has ever decided precisely whether the current Mississippi disqualification statute permits a nonqualifying defendant corporation to bring counterclaims or third party complaints. Decisions by both courts under the current statute's predecessor, however, compel the conclusion that even a nonqualifying corporation may bring such claims.
 
 
 6
 In Smith v. Kincade, 232 F.2d 306 (5th Cir. 1956), this court upheld a district court order permitting a nonqualifying defendant corporation to bring a compulsory counterclaim. The purpose and import of the state statute then in effect, Miss.Code Ann. § 5319 (1942) (amended 1962),[2] bear sufficient resemblance to those of the current disqualification statute to compel a parallel result in the present case. Moreover, the decision of the Supreme Court of Mississippi in Parker v. Lin-Co Producing Company, 197 So.2d 228 (Miss.1967), suggests that decisions under the former statute apply with equal force to the current statute. The Parker Court perceived in the adoption of the new disqualification statute a legislative desire "to adhere to the established law of this state relative to foreign corporations doing business in this state without first qualifying." Id. at 230.
 
 
 7
 Lending additional support to this result is the express provision in the current law that the failure of a foreign corporation to qualify ". . . shall not prevent such corporation from defending any action, suit or proceeding in any court of this state." Miss.Code Ann. § 79-3-247 (1972). Moreover, Miss.Code Ann. § 11-7-69 (1972)[3] expressly preserves the right of foreign corporations to defend against suits, actions or proceedings brought in courts in Mississippi. Presumably, the Mississippi legislature would not have expressly permitted defense by nonqualifying corporate defendants but impliedly circumscribed the scope of that defense by denying the right to bring compulsory counterclaims or third-party complaints.
 
 
 8
 Accordingly, the district court's order dismissing Baltimore Paint's claims is REVERSED and REMANDED.
 
 
 
 *
 Fed.R.App.P. 34(a); 5th Cir. R. 18
 
 
 [1]
 Miss.Code Ann. § 79-3-247 provides in pertinent part:
 No foreign corporation transacting business in this state without a certificate of authority shall be permitted to maintain any action, suit or proceeding in any court of this state. Nor shall any action, suit or proceeding be maintained in any court of this state by any successor or assignee of such corporation on any right, claim or demand arising out of the transaction of business by such corporation in this state.
 The failure of a foreign corporation to obtain a certificate of authority to transact business in this state shall not impair the validity of any contract or act of such corporation, and shall not prevent such corporation from defending any action, suit or proceeding in any court of this state.
 
 
 [2]
 Miss.Code Ann. § 5319 (1942) provided in part:
 Any foreign corporation failing to (qualify) shall not be permitted to bring or maintain any action or suit in any of the courts of this state.
 In 1962, Miss.Code Ann. § 5309-239 was adopted, replacing section 5319 as it dealt with foreign corporations. Section 5309-239 was substantially the same as the current version now codified as Miss.Code Ann. § 79-3-247 (1972).
 
 
 [3]
 As pertinent here, Miss.Code Ann. § 11-7-69 (1972) provides:
 (1) In all suits at law where the defendant has a claim or demand against the plaintiff arising out of or connected with the situation, occasion, transaction or contract or subject matter upon which the plaintiff's action is based, whether the claim or demand of the defendant is liquidated or unliquidated, the defendant in his answer may plead his claim or demand against the plaintiff by way of counterclaim, in recoupment, stating the facts upon which such counterclaim is based.