**JEROLD PANAS & PARTNERS, INC., Plaintiff,**

v.

**PORTLAND SOCIETY OF ART, Defendant.**

Civ. No. 81–0268–P.

United States District Court, D. Maine.

April 2, 1982.

Harold C. Pachios, Preti, Flaherty & Beliveau, Portland, Me., for plaintiff.

Deborah M. Mann, Sidney St. F. Thaxter, Ronald Epstein, Thaxter, Lipez, Stevens, Broder & Micoleau, Portland, Me., for defendant.

## MEMORANDUM DECISION ON MOTION TO DISMISS

CYR, District Judge.

The defendant moves to dismiss this action on the ground that the plaintiff, a foreign corporation, lacks the capacity to sue. Subsequent to the filing of the motion to dismiss, plaintiff obtained authority from the Maine Secretary of State to transact business in Maine as a foreign corporation.

The present record includes certification by the Secretary of State, as at January 12, 1982, that plaintiff "is authorized to transact business in Maine as allowed by Title 13A MRSA Chapter 12, has filed all reports, paid all fees and is in good standing at the present time." Nevertheless, the defendant presses its motion on the ground that the plaintiff has not "paid to the State all fees, penalties and franchise taxes due under subsection 1" of 13–A M.R.S.A. § 1214. Plaintiff has countered with a certification by the Deputy Secretary of State "that the Secretary of State has not made any determination as to whether or not [plaintiff] ... is 'liable to the State in the sum of $25 per day for each day it fails to pay such fee, penalties and franchise taxes' pursuant to 13–A M.R.S.A. § 1214(1)." It seems that the January 12 certification that plaintiff *had* paid all fees is of a type "issued as a matter of course in connection with the new registration of a foreign corporation ... after it [has] paid all the basic fees for a new registration." *See* Affidavit of Ronald Epstein, Esquire.

## DISCUSSION

13–A M.R.S.A. § 1214(2) provides:

A foreign corporation doing business in this State without authority when such authority is required by this Act, shall not maintain any action, suit or proceeding in this State unless and until such corporation shall have been authorized to do business in this State and shall have paid to the State all fees, penalties and franchise taxes due under subsection 1.... If it appears in any pending action that the plaintiff is such a foreign corporation doing business in the State without authority, ... the action shall abate until such foreign corporation becomes authorized to do business in this State or shall

be dismissed without prejudice to the right to bring the same after the foreign corporation becomes so authorized.

Subsection 1 of 13–A M.R.S.A. § 1214 provides:

A foreign corporation which does business in this State without authority, when such authority is required by this Act, shall be liable to this State for all fees, penalties and franchise taxes which would have been imposed under this act upon such corporation had it duly applied for and received authority under this chapter, for the years or parts thereof during which it did business in this State without authority. In addition, such corporation shall be liable to the State in the sum of $25 per day for each day it fails to pay such fees, penalties and franchise taxes. The Attorney General shall bring proceedings to recover all such amounts due under this section.

■ A foreign corporation thus prevented from maintaining a state court action cannot maintain a diversity action in the federal courts of that state predicated on purely *intra*state activities.[1] *Woods v. Interstate Realty Co.*, 337 U.S. 535, 69 S.Ct. 1235, 93 L.Ed. 1524 (1949); *Angel v. Bullington*, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832 (1947); *Associates Capital Services Corp. v. Loftin's Transfer & Storage Co., Inc.*, 554 F.2d 188, 189 (5th Cir. 1977); *Fred Hale Machinery, Inc. v. Laurel Hill Lumber Co., Inc.*, 483 F.2d 58, 60 (5th Cir. 1973). *See also* 3A J. Moore, *Moore's Federal Practice* ¶ 17.21 at 17–226 (2d ed. 1977).

■ Defendant demands dismissal of this action because plaintiff has not "paid to the State all ... penalties ... *due* under subsection 1,"[2] relying on the first sentence of 13–A M.R.S.A. § 1214(2). Defendant does not explain how it is that plaintiff can be said to have failed to pay "penalties due" when none have been assessed or demanded. In the present circumstances, assessment and demand are more than mere formalistic requisites. The statute plainly contemplates a preliminary determination that the foreign corporation is "doing business in this State without authority when such authority is required...." 13–A M.R.S.A. § 1214(2). Under the controlling case law, a foreign corporation does not require authorization to conduct *inter*state activities in Maine. *See* note 1 *supra.* Moreover, the statute provides that "[t]he *Attorney General shall bring proceedings* to recover all ... amounts *due* under this section." *Id.* § 1214(1) (*emphasis added*). There is nothing in the record to suggest, much less establish, that any amounts are "due" by the plaintiff, and to hold otherwise would be to indulge the impermissible presumption that the Attorney General has failed to perform his statutory duty to pursue recovery of amounts "due" by plaintiff.

Finally, the statute specifically provides that "... the action shall abate *until* such foreign corporation *becomes authorized to do business* in this State...." 13–A M.R.S.A. § 1214(2) (*emphasis added*). The Secretary of State has in fact authorized plaintiff to do business in Maine. The court cannot accept defendant's invitation to look behind the decision of the Secretary of State. *See* note 3 *infra.*

---

1. The present action is based on a contract purporting to obligate the plaintiff to assist the defendant in developing and operating a fund-raising program in Maine. Although the action would appear to implicate *intra*state activities, it is not possible to determine on the present record that no *inter*state activity is involved. State statutes which burden foreign corporations seeking to invoke federal diversity jurisdiction of a subject matter that implicates *inter* state commerce have been held unconstitutional under the commerce clause. *See Allenberg Cotton Co. v. Pittman*, 419 U.S. 20, 33, 95 S.Ct. 260, 267, 42 L.Ed.2d 195 (1974) [state cannot refuse to enforce in its courts contracts concerning interstate or foreign commerce]; *Eli Lilly Co. v. Sav-On-Drugs, Inc.*, 366 U.S. 276, 278, 81 S.Ct. 1316, 1318, 6 L.Ed.2d 288 (1961) [a state cannot require a foreign corporation to obtain a certificate of authority to do business in the state if wholly *inter*state] (*dicta*). *Grand Bahama Petroleum Co. v. Asiatic Petroleum*, 550 F.2d 1320, 1326 (2d Cir. 1977). The court's interpretation of 13–A M.R.S.A. § 1214 makes it unnecessary to decide whether the present action is predicated on *inter*state commerce.

2. 13–A M.R.S.A. § 1214(2) (*emphasis added*).

The language and structure of section 1214 and the presence of a separate provision in the Business Corporations Act permitting revocation of the authorization to do business in Maine when a foreign corporation fails to pay fees, taxes or penalties due and payable, *see* 13–A M.R.S.A. § 1210(1)(A),[3] as well as common sense, all suggest that subsection 2 is no bar to the maintenance of an action by a foreign corporation *specifically authorized to do business in this state*, at least until the Attorney General has brought proceedings to recover any such amounts under section 1214(1) or, more suitably, the authorization has been revoked.[4]

The court has been provided with no basis for a belief that the Maine Legislature intended that the adversaries of a foreign corporation be constituted the appropriate functionaries to demand payment of amounts never demanded by the state. The Secretary of State and the Attorney General are expressly vested with powers adequate to their tasks. For the federal courts to inquire into whether a foreign corporation has paid amounts never assessed or demanded by the state would needlessly interfere with the evenhanded enforcement of state law by state agencies expressly empowered to do so.

The motion to dismiss is DENIED.

---

**3.** 13–A M.R.S.A. § 1210(1)(A) provides in pertinent part:

　1. ... the authority of a foreign corporation to do business in this State may be revoked by the Secretary of State, as provided by subsections 2 and 3 when:

　A. The corporation ... has failed to pay any fees, franchise taxes or penalties prescribed by this Act when they have become due and payable; ...

**4.** If taxes are later assessed against plaintiff and not paid and the authorization to do business is revoked, this action would abate or be dismissed. *See Grand Bahama Petroleum Co. v. Asiatic Petroleum*, 550 F.2d 1320, 1324 (2d Cir. 1977); *Ayer v. General Dynamics Corp.*, 82 F.R.D. 115, 117 n.3 (S.D.N.Y.1979).