**CLAYTON CARPET MILLS, INC., Plaintiff,**

v.

**MARTIN PROCESSING, INC., Defendant.**

Civ. A. No. C82–391R.

United States District Court, N.D. Georgia, Rome Division.

May 20, 1983.

William R. Sonnenburg, Michael E. Richardson, Chattanooga, Tenn., for plaintiff.

Paul T. Carroll, III, John Niedrach, Rome, Ga., for defendant.

## ORDER

HAROLD L. MURPHY, District Judge.

The plaintiff, a Georgia corporation, brought this action for an alleged breach of contract. The defendant, a corporation which is chartered in Delaware and has its principal place of business in a state other than Georgia, denied liability in its answer and brought a compulsory counterclaim for $123,639.71, the amount the plaintiff allegedly owes the defendant on account. Presently before the Court is the plaintiff's motion to dismiss the defendant's compulsory counterclaim under Fed.R.Civ.P. 12(b)(6).[1]

---

1. Rule 12(b)(6) provides in part: "Every defense, in law or fact, to a claim for relief in any pleading ... shall be asserted in a responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: ... (6) failure to state a claim upon which relief can be granted."

In its motion to dismiss the plaintiff first argues that the defendant is barred from raising its compulsory counterclaim because it did not possess a valid certificate of authority before the commencement of this action. O.C.G.A. § 14–2–331(b) (Michie 1982) governs this contention [2] and provides as follows:

> No foreign corporation that under this chapter is required to obtain a certificate of authority *shall be permitted to maintain any action, suit, or proceeding* in any court of this state *unless before commencement of the action it shall have obtained such a certificate.*

(emphasis added). Although § 14–2–331(b) explicitly bars a foreign corporation that has not obtained a certificate of authority from instituting an action in the courts of Georgia,[3] it does not explicitly address the issue raised by the plaintiff's motion: whether § 14–2–331(b) bars a foreign corporation, which has not obtained a certificate of authority before the commencement of an action against it, from asserting a compulsory counterclaim. Neither party has briefed this issue, and the Court has been unable to find any Georgia case which is on point.

The only case which sheds any light on this issue is *Evans v. Smithdeal,* 143 Ga. App. 287, 238 S.E.2d 278 (1977). *Smithdeal* discussed whether a corporation's legal existence in Georgia was nullified by the fact that it was not certified to do business in Georgia. The court held that a foreign corporation's legal existence was altered, but not destroyed by this fact. *Smithdeal, supra,* 143 Ga.App. at 291, 238 S.E.2d 278. In discussing § 14–2–331, the court stated that a "corporation may not maintain a suit in this state while it is not certified *though*

*it is not prevented from defending an action brought against it." Id.* (emphasis added). This language, if it is helpful at all to the resolution of this case, suggests that once an uncertified foreign corporation is sued, it may exercise every legal right available to it in defending itself, including the right to assert a compulsory counterclaim.

As a federal court presiding over a diversity action, this Court must interpret § 14–2–331(b) as it believes the highest court of Georgia would interpret this statute. *See West v. A.T. & T.,* 311 U.S. 223, 236–38, 61 S.Ct. 179, 183–84, 85 L.Ed. 139 (1940). This Court believes that the Georgia Supreme Court would interpret § 14–2–331(b) to allow a defendant-foreign corporation to assert a compulsory counterclaim, even though the corporation did not obtain a certificate of authority before the commencement of the action. This Court is not only influenced by the holding in *Smithdeal,* but also by the fact that a Georgia-based corporation, by suing a foreign corporation which has not obtained a certificate of authority before the commencement of the action, effectively waives any protection § 14–2–331(b) affords it. *See generally Mays v. Taylor,* 7 Ga. 238, 242–43 (1849). Also interpreting § 14–2–331(b) to allow a defendant-foreign corporation to assert a compulsory counterclaim does not contravene the purpose of § 14–2–331: to "bar foreign corporation … from *suing* a Georgia defendant until [a] certificate [of authority] has been obtained." *A.B.R. Metals & Services, Inc. v. Roach-Russell, Inc.,* 135 Ga.App. 193, 194, 217 S.E.2d 447 (1975) (emphasis added). Additionally, this interpretation is consistent with O.C.G.A. § 14–2–331(c) (Michie 1982),[4] a statutory counter-

2. Because jurisdiction in this case is based on diversity of citizenship, Georgia law controls the resolution of the substantive issues of this case. *See Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Morgan Guaranty Trust Co. v. Blum,* 649 F.2d 342, 344–45 (5th Cir.1981) (Unit B).

3. *See e.g., Van Bergen Belfoundries, Inc. v. Executive Equities, Inc.,* 139 Ga.App. 319, 228 S.E.2d 356 (1976).

4. Section 14–2–331(c) states in full:

> The failure of a foreign corporation to obtain the certificate of authority to transact business in this state shall render voidable any contract of such foreign corporation arising out of business transacted in this state at the instance of any other party to such contract, but such voidability may be cured by the foreign corporation obtaining a certificate of authority, provided such certificate of authority is obtained prior to final judgment in

part to § 14–2–331(b). The relevant portion of § 14–2–331(c) states that the "failure of [a] foreign corporation to obtain a certificate of authority shall not prevent the corporation from defending any action, suit, or proceeding in any court of this state; ..." *Accord Smithdeal, supra.* Finally, if a defendant fails to assert a compulsory counterclaim, it is not entitled to re-litigate this claim. *See Gallahar v. George A. Rheman, Co.,* 50 F.Supp. 655, 661 (S.D.Ga.1943); *Brittany Apartments v. Chapman,* 141 Ga.App. 168, 168, 233 S.E.2d 27 (1977); 3 Moore's Federal Practice ¶ 13.12[1] (2d ed. 1982). Thus, if a foreign corporation, which did not possess a certificate of authority before the commencement of an action against it, was barred by § 14–2–331(b) from asserting a compulsory counterclaim, it would be permanently deprived of the right to assert this claim against the plaintiff. This Court doubts that the Georgia legislature intended such a far-reaching consequence when it enacted § 14–2–331(b).[5]

 In addition to its contention that the defendant's compulsory counterclaim should be dismissed because of noncompliance with § 14–2–331(b), the plaintiff argues that the defendant's counterclaim should be dismissed because the contract which forms the basis of this counterclaim is voidable. As authority for this proposition, the plaintiff relies on O.C.G.A. § 14–2–331(c) (Michie 1982), which provides in part:

> The failure of a foreign corporation to obtain the certificate of authority to transact business in this state shall render voidable any contract of such foreign corporation arising out of business transacted in this state at the instance of any other party to such contract, but such voidability may be cured by the foreign corporation obtaining a certificate of au-

thority, provided such certificate of authority is obtained prior to final judgment in any action wherein this subsection is relied upon.

The defendant has responded to the plaintiff's contention by noting that it is in the process of obtaining a certificate of authority. The Court therefore will deny the plaintiff's motion at this time, for the defendant may obtain its certificate before a final judgment is entered in this case. If the defendant does not obtain its certificate before a final judgment is entered in this case, the plaintiff may again move to have the counterclaim struck under the authority of § 14–2–331(c).

ACCORDINGLY, the plaintiff's motion to dismiss is DENIED WITHOUT PREJUDICE.

---

any action wherein this subsection is relied upon. The failure of such foreign corporation to obtain a certificate of authority shall not prevent the corporation from defending any action, suit, or proceeding in any court of this state; nor shall any party avail himself of the benefit of subsection (b) of this Code

section except upon motion prior to judgment.

5. This Court does not decide whether § 14–2–331 permits a foreign corporation, which does not possess a certificate of authority before the commencement of an action against it, to assert a permissive counterclaim.