E & E INDUSTRIES, INC. v. CROWN TEXTILES, INC.

No. 8527SC1056

(Filed 6 May 1986)

Corporations § 26— suit against unqualified foreign corporation— compulsory counterclaim allowed

The trial court erred by dismissing defendant's counterclaim in a breach of contract action where plaintiff was a North Carolina corporation, defendant was a South Carolina corporation doing business in North Carolina without a certificate of authority, and defendant's counterclaim was compulsory. By

suing in a forum of this state, a North Carolina corporation effectively waives any protection N.C.G.S. 55-154 affords it from compulsory counterclaims by a foreign corporation which has not obtained a certificate of authority. N.C.G.S. 1A-1, Rule 13(a) and (b).

APPEAL by defendant from *Hyatt, Judge.* Order entered 14 August 1985 in Superior Court, GASTON County. Heard in the Court of Appeals 6 February 1986.

Plaintiff, a North Carolina corporation, brought this action against defendant, a South Carolina corporation, alleging breach of contract by defendant's failure timely to deliver goods and its delivery of defective goods. Defendant denied plaintiff's material allegations and counterclaimed for the balance due for goods delivered to plaintiff pursuant to the contract.

Plaintiff moved to dismiss defendant's counterclaim under N.C. Gen. Stat. 55-154(a), which requires that a foreign corporation transacting business in this State obtain a certificate of authority prior to maintaining any action or proceeding in any court of this State. The court found that defendant is a South Carolina corporation transacting business in North Carolina without a certificate of authority and concluded as a matter of law that "no proceeding can be maintained by the defendant corporation on its counterclaim until it shall have obtained the Certificate of Authority prior to trial." Accordingly, the court granted plaintiff's motion to dismiss defendant's counterclaim.

Defendant appeals.

*Caldwell and Planer, by Geoffrey A. Planer, for plaintiff appellee.*

*Steve B. Dolley, Jr., and Basil L. Whitener for defendant appellant.*

WHICHARD, Judge.

Defendant contends the court erred in dismissing its counterclaim for noncompliance with N.C. Gen. Stat. 55-154. We agree.

N.C. Gen. Stat. 55-154 provides, in pertinent part:

(a) No foreign corporation transacting business in this State without permission obtained through a certificate of

authority under this Chapter or through domestication under prior acts shall be permitted to maintain any action or proceeding in any court of this State unless such corporation shall have obtained a certificate of authority prior to trial; nor shall any action or proceeding be maintained in any court of this State by any successor or assignee of such corporation on any cause of action arising out of the transaction of business by such corporation in this State until:

(1) A certificate of authority shall have been obtained by such corporation or by a foreign corporation which has acquired substantially all of its assets, or

(2) Substantially all of its assets have been acquired by a domestic corporation or one or more individuals.

An issue arising under this subsection must be raised by motion and determined by the trial judge prior to trial.

(b) The failure of a foreign corporation to obtain a certificate of authority to transact business in this State shall not impair the validity of any contract or act of such corporation, and shall not prevent such corporation from defending any action or proceeding in any court of this State.

The issue here is whether a nonqualifying corporation such as defendant, against which an action is brought in this State, may bring a compulsory counterclaim in that action. We hold that it may.

"The weight of authority in states having provisions similar to [N.C. Gen. Stat. 55-154] is that the statutory bar to an unregistered corporation's maintaining an action does not preclude it from asserting a counterclaim arising out of the subject matter of a plaintiff's suit." *Aberle Hosiery Co. v. American Arbitration Ass'n*, 337 F. Supp. 90, 92 (E.D. Penn.), *appeal dismissed*, 461 F. 2d 1005 (3rd Cir. 1972). "A statute merely prohibiting the commencement or maintenance of an action does not prevent a noncomplying foreign corporation from interposing and recovering on a counterclaim arising out of the transaction in suit." 20 C.J.S. Corporations Sec. 1859 at 83. *Accord, e.g., Environmental Coatings v. Baltimore Paint*, 617 F. 2d 110 (5th Cir. 1980); *Johnson & Anderson, Inc. v. Barlow Assoc.*, 528 F. Supp. 417 (E.D. Mich. 1981). *See also* Robinson, *North Carolina Corp. Law*, Sec. 31-8 (3d ed.) at 464

("it would seem that the unqualified foreign corporation could assert a counterclaim in defending an action brought against it in the North Carolina courts."). *Cf., contra, e.g., Kutka v. Temporaries, Inc.*, 568 F. Supp. 1527, 1532 (S.D. Tex. 1983); *Bozzuto's Inc. v. Frank Kantrowitz & Sons Inc.*, 117 N.J. Super. 146, 149, 283 A. 2d 907, 908 (1971).

Defendant's claim is a compulsory counterclaim as defined by N.C. Gen. Stat. 1A-1, Rule 13(a). It is for the balance due on the contract which plaintiff alleges defendant breached and thus is clearly a "claim which . . . arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." N.C. Gen. Stat. 1A-1, Rule 13(a). Ordinarily, failure to assert a compulsory counterclaim will bar future action on the claim. *Hudspeth v. Bunzey*, 35 N.C. App. 231, 233, 241 S.E. 2d 119, 121, *disc. rev. denied*, 294 N.C. 736, 244 S.E. 2d 154 (1978). *See also* 3 Moore's Federal Practice Par. 13.12[1] (2d ed. 1985). Thus, if N.C. Gen. Stat. 55-154 barred a nonqualifying corporation like defendant from asserting a compulsory counterclaim, "it would be permanently deprived of the right to assert this claim against the plaintiff." *Clayton Carpet Mills, Inc. v. Martin Processing*, 563 F. Supp. 288, 290 (N.D. Ga. 1983). We doubt that our General Assembly "intended such a far-reaching consequence when it enacted [N.C. Gen. Stat. 55-154]." *Id.*

N.C. Gen. Stat. 55-154(a) and (b) follow Sec. 124 of the Model Business Corporation Act (MBCA). 2 Model Bus. Corp. Act Ann. 2d Sec. 124, Pars. 1, 2 (pp. 773-74). The avowed purpose of this section of the MBCA is "to provide penalties applicable to foreign corporations which evade [state] regulation by transacting business, other than business constituting interstate commerce, without obtaining [a] certificate of authority . . . ." *Id.* at 774. N.C. Gen. Stat. 55-154(a) allows an unqualified corporation to maintain an action in a court of this State by obtaining a certificate prior to trial. N.C. Gen. Stat. 55-154(b) permits an unqualified corporation to defend an action in a court of this State without obtaining a certificate at all. Logically, therefore, the General Assembly "would not have expressly permitted defense by nonqualifying corporate defendants but impliedly circumscribed the scope of that defense by denying the right to bring compulsory counterclaims . . . ." *Environmental Coatings, supra*, 617 F. 2d at 112. *Accord, Johnson & Anderson, supra*, 528 F. Supp. at 420. By suing

in a forum of this State a foreign corporation which has not obtained a certificate of authority before the commencement of the action, a North Carolina corporation effectively waives any protection N.C. Gen. Stat. 55-154 affords it from compulsory counterclaims asserted by the party sued. *Clayton Carpet, supra,* 563 F. Supp. at 289.

Accordingly, we hold that defendant may maintain its compulsory counterclaim for the balance due on the disputed contract. A different result might obtain for a permissive counterclaim under N.C. Gen. Stat. 1A-1, Rule 13(b). *See Levitt Multihous. Corp. v. District of El Paso Cty.,* 188 Colo. 360, 363-65, 534 P. 2d 1207, 1208-10 (1975). We are not confronted with that issue here, however.

Given our holding that a nonqualifying foreign corporation may maintain a compulsory counterclaim, we do not reach defendant's other argument. The order is reversed, and the cause is remanded for further proceedings on plaintiff's claim and defendant's compulsory counterclaim.

Reversed and remanded.

Judges WELLS and COZORT concur.