### INTERSTATE REALTY CO. v. WOODS.
#### No. 12259.

United States Court of Appeals
Fifth Circuit.
Nov. 26, 1948.

For former opinion, see 168 F.2d 701.

Phil Stone and L. C. Andrews, both of Oxford, Miss., for appellant.

John W. Kyle and James McClure, both of Sardis, Miss., and Wm. H. Watkins, of Jackson, Miss., for appellee.

Before SIBLEY and LEE, Circuit Judges, and CHRISTENBERRY, District Judge.

PER CURIAM.

In our original opinion we held that the contract sued upon was not absolutely void but merely unenforceable in the State

---

court and that by reason of diversity of citizenship the suit may be maintained in the federal court. On application for rehearing, the appellee cited the case of Angel v. Billington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832, as overruling the case of David Lupton's Sons Co. v. Automobile Club of America, 225 U.S. 489, 32 S.Ct. 711, 56 L.Ed. 1177, Ann.Cas. 1914 A. 699, upon which reliance was placed by us to sustain jurisdiction in the federal court. Accordingly, we granted a rehearing, restricted in its application to the question whether a foreign corporation might sue in the federal court when the doors of the State courts were closed to it because it had not complied with the conditions for doing business within the State.

The Supreme Court in the Bullington Case was concerned with the application of the doctrine of res adjudicata under a North Carolina statute prohibiting a suit for recovery on a deficiency judgment. What was said in that case about cases like David Lupton's Sons Co. v. Automobile Club of America, supra, was argumentative. We do not consider it to have overruled the David Lupton's Sons Co. case upon the question with which we are now concerned and with respect to which the David Lupton's Sons Co. case expressly dealt.

Entertaining as we do this view, our original opinion and decree reversing the judgment appealed from are reaffirmed in their entirety and made the judgment of the court on rehearing.