## WOODS *v.* INTERSTATE REALTY CO.

No. 465.   Argued March 30–31, 1949.—Decided June 20, 1949.

*P. H. Eager, Jr.* argued the cause for petitioner.   With him on the brief were *William H. Watkins* and *Thomas H. Watkins.*

*John A. Osoinach* and *Phil Stone* argued the cause for respondent.   *Mr. Osoinach* also filed a brief.

Opinion of the Court by MR. JUSTICE DOUGLAS, announced by MR. JUSTICE REED.

This case was brought in the District Court for Mississippi on the grounds of diversity of citizenship.   Respondent, a Tennessee corporation, sued petitioner, a

resident of Mississippi, for a broker's commission alleged to be due for the sale of real estate of petitioner in Mississippi. The District Court found on motion for summary judgment that the contract was void under Mississippi law, since respondent was doing business in Mississippi without qualifying under a Mississippi statute.[1] It therefore dismissed the complaint with prejudice.

The Court of Appeals reversed. It reviewed the Mississippi decisions under the Mississippi statute and concluded that the contract was not void but only unenforcible in the Mississippi courts. It held in reliance on *David Lupton's Sons Co.* v. *Automobile Club,* 225 U. S. 489, that the fact that respondent could not sue in the Mississippi courts did not close the doors of the federal court sitting in that State. Accordingly it reversed the judgment of the District Court. 168 F. 2d 701. It granted rehearing, 170 F. 2d 74, and reaffirmed its reversal, 170 F. 2d 694.

The case is here on a petition for writ of certiorari which we granted because of the seeming conflict of that holding with our recent ruling in *Angel* v. *Bullington,* 330 U. S. 183.

If the *Lupton's Sons* case controls, it is clear that the Court of Appeals was right in allowing the action to be maintained in the federal court. In that case. a New York statute provided that no foreign corporation could "maintain any action in this state" without a certificate that it had qualified to do business there. The Court held that a contract on which the corporation could not

---

[1] Miss. Code 1942, § 5319, requires a foreign corporation doing business in the State to file a written power of attorney designating an agent on whom service of process may be had. It also provides, "Any foreign corporation failing to comply with the above provisions shall not be permitted to bring or maintain any action or suit in any of the courts of this state."

sue in the courts of New York by reason of that statute nevertheless could be enforced in the federal court in a diversity suit. The Court said, 225 U. S. p. 500,

> "The State could not prescribe the qualifications of suitors in the courts of the United States, and could not deprive of their privileges those who were entitled under the Constitution and laws of the United States to resort to the Federal courts for the enforcement of a valid contract."

We said in *Angel* v. *Bullington* that the case of *Lupton's Sons* had become "obsolete" insofar as it was "based on a view of diversity jurisdiction which came to an end with *Erie Railroad* v. *Tompkins,* 304 U. S. 64." 330 U. S. p. 192. Bullington had sued Angel in a North Carolina court for a deficiency judgment on the sale of realty under a deed of trust. The Supreme Court of North Carolina dismissed the action because of a North Carolina statute which disallowed a deficiency judgment in such a case and which the North Carolina Supreme Court construed to be "a limitation of the jurisdiction of the courts of this State." 220 N. C. 18, 20, 16 S. E. 2d 411, 412. Thereafter Bullington sued in the federal court of North Carolina by reason of diversity of citizenship. We held that that suit could not be maintained because (1) the prior suit was *res judicata;* and (2) the policy of *Erie R. Co.* v. *Tompkins* precluded maintenance in the federal court in diversity cases of suits to which the State had closed its courts.

The Court of Appeals concluded that the latter reason was argumentatory, the real basis of the decision being that Bullington was denied recovery on the doctrine of *res judicata.* But where a decision rests on two or more grounds, none can be relegated to the category of *obiter dictum.* *United States* v. *Title Ins. Co.,* 265 U. S. 472, 486; *Massachusetts* v. *United States,* 333 U. S. 611, 623.

*Angel* v. *Bullington* in its alternative ground followed the view of *Guaranty Trust Co.* v. *York*, 326 U. S. 99, 108, that for purposes of diversity jurisdiction a federal court is, "in effect, only another court of the State . . . ." In that case we required the federal court in a diversity case to apply the statute of limitations of the State in equity actions and thus to follow local law, as had previously been done in cases involving burden of proof (*Cities Service Co.* v. *Dunlap*, 308 U. S. 208; cf. *Stoner* v. *New York Life Ins. Co.*, 311 U. S. 464); contributory negligence (*Palmer* v. *Hoffman*, 318 U. S. 109, 117); conflict of laws (*Klaxon Co.* v. *Stentor Co.*, 313 U. S. 487; *Griffin* v. *McCoach*, 313 U. S. 498); and accrual of the cause of action (*West* v. *American Tel. & T. Co.*, 311 U. S. 223). The *York* case was premised on the theory that a right which local law creates but which it does not supply with a remedy is no right at all for purposes of enforcement in a federal court in a diversity case; that where in such cases one is barred from recovery in the state court, he should likewise be barred in the federal court. The contrary result would create discriminations against citizens of the State in favor of those authorized to invoke the diversity jurisdiction of the federal courts. It was that element of discrimination that *Erie R. Co.* v. *Tompkins* was designed to eliminate.

*Reversed.*

MR. JUSTICE RUTLEDGE dissents. See his dissenting opinion in Nos. 442 and 512, *Cohen* v. *Beneficial Industrial Loan Corp.*, *post*, p. 557.

MR. JUSTICE JACKSON, dissenting.

*Erie R. Co.* v. *Tompkins*, 304 U. S. 64, required federal courts in diversity cases to apply state decisional law as the Rules of Decision Act required them to apply state statutes.

That is what the Court of Appeals tried to do in this case. The State of Mississippi has a statute which says that if a corporation does not qualify to do business within the State it "shall not be permitted to bring or maintain any action or suit *in any of the courts of this state.*" (Emphasis supplied.) The Court of Appeals reviewed state court decisions, some of which are not free from ambiguity, and found that the law of Mississippi intends to go no farther than to withhold the aid of state-maintained courts from a noncomplying corporation and that the state law does not deprive contracts of their validity or intend to foreclose foreign corporations from resort to federal courts or to any self-enforcing remedies they may have.

This Court refuses to give the statute that limited effect. I understand it to rule that Mississippi cannot enact a law closing its own courts to such foreign corporations without also closing the federal courts. In this we seem to be doing the very thing we profess to avoid; that is, giving the state law a different meaning in federal court than the state courts have given it.

The Mississippi statute follows a pattern general among the states in requiring qualification and payment of fees by foreign corporations. State courts have generally held such Acts to do no more than to withhold state help from the noncomplying corporation but to leave their rights otherwise unimpaired. This interpretation left such corporations a basis on which to get the help of any other court—federal or state—that could otherwise take jurisdiction, and free to resort to pledged property, offset and various other methods of self-help.

The state statute as now interpreted by this Court is a harsh, capricious and vindictive measure. It either refuses to entertain a cause of action, not impaired by state law, or it holds it invalid with unknown effects on

amounts already collected. In either case the amount of this punishment bears no relation to the amount of wrong done the State in failure to qualify and pay its taxes. The penalty thus suffered does not go to the State, which sustained the injury, but results in unjust enrichment of the debtor, who has suffered no injury from the creditors' default in qualification. If the state court had held its statute to have this effect, I should agree that federal courts should so apply it; but the whole basis of our decision is contrary to that of the state courts.

I think the Court's action in refusing to accept the state court's determination of the effect of its own statute is a perversion of the *Erie R. Co.* v. *Tompkins* doctrine.

I would affirm the court below.

MR. JUSTICE RUTLEDGE and MR. JUSTICE BURTON join in this opinion.