AMBASSADOR INSURANCE
COMPANY,
**Plaintiff–Appellant,**

v.

**Joe M. STILES, Jr., Hazel Scarborough, Frank M. Walker, Audrey Vicker, Mannin Kirkland, as Board of Commissioners, Highlands County Hospital District, and Highlands General Hospital, Defendants–Appellees.**

No. 78–2007.

United States Court of Appeals,
Fifth Circuit.

Oct. 15, 1980.

---

Lanza, Sevier & Womack, Victor H. Womack, Coral Gables, Fla., for plaintiff–appellant.

Livingston & Livingston, James L. Livingston, Sebring, Fla., Charles H. Livingston, Sarasota, Fla., for defendants–appellees.

Before TUTTLE, BROWN and TATE, Circuit Judges.

PER CURIAM:

In June of 1977, Ambassador Insurance Company (Ambassador) filed suit in the Tenth Judicial Circuit Court of Florida for Highlands County against the Board of Commissioners of the Highlands County Hospital District (the Hospital) to recover unpaid insurance premiums. The Hospital moved to dismiss the action for lack of jurisdiction, arguing that Ambassador had no capacity to sue in Florida Court because it had not registered to do business there in compliance with Fla.Stat. § 607.354(1) (1977).[1] After a hearing the Circuit Court dismissed the action without prejudice, giving Ambassador sixty days in which to qualify to do business in Florida. In a supplemental order of September 21, 1977, the Circuit Court stated that even if Ambassador did not qualify within that time, it could refile the action at a later date.

Instead of appealing this order or taking steps to qualify to do business in Florida, Ambassador brought a diversity action in Federal District Court on the same grounds. The Hospital again moved to dismiss for lack of jurisdiction. This motion was based on the Supreme Court holding in *Woods v. Interstate Realty Co.*, 337 U.S. 535, 69 S.Ct. 1235, 93 L.Ed. 1524 (1949), that under the *Erie* doctrine and principles of res judicata, a Federal Court sitting in diversity must act as a state court and close its doors to a foreign corporation if the state court has previously done so. The District Court granted this motion finding "that the Florida Circuit Court has determined that the plaintiff has not complied with the statute, and no notice of subsequent compliance [has] been filed with the Court . . ." and that *Woods* compelled dismissal.

---

1. **607.354 Transacting business without certificate of authority**

 (1) No foreign corporation transacting business in this state without authority to do so shall be permitted to maintain any action, suit, or proceeding in any court of this state until such corporation shall have obtained authority to transact business in this state. . . .

The issue presented to us on appeal is whether the District Court was correct in giving res judicata effect to the state court's dismissal for failure to qualify. Ambassador urges that a genuine issue of fact existed in Federal District Court as to whether it was actually doing business in Florida. Ambassador contends that if it is engaged only in activities listed in Fla.Stat. § 607.304(2) (1977)[2], which do not constitute doing business in Florida, then § 607.354(1) would not preclude its suit in Florida court as a foreign corporation engaged exclusively in interstate commerce. *Norman M. Morris Corp. v. Weinstein*, 466 F.2d 137 (5th Cir. 1972). According to Ambassador, the State Court did not resolve this specific issue and therefore the order of that court cannot be used as res judicata in Federal Court that Ambassador was not doing business in Florida.

We acknowledge that the State Circuit Court order was ambiguous and contained no specific finding that Ambassador was doing business in Florida. However, we need not reach the issue of whether this order should be given res judicata effect because subsequent developments in state court since the time of this Federal appeal make it necessary for us to vacate the order of dismissal by the Federal District Court and remand for a determination de novo of whether § 607.34(1) would preclude Ambassador from bringing this suit in state court under the *Woods* rule.

Although the sixty days which the State Circuit Court gave Ambassador in which to qualify to do business in Florida have long since passed, a final order of dismissal was never filed. On October 26, 1979, well over a year after Ambassador appealed the dismissal of its Federal action, that company filed a notice of voluntary dismissal of the action in State Circuit Court under 30 Fla. Stat. rule 1.420(a)(1) (1967)[3]. The State Court granted the Hospital's motion to strike the voluntary dismissal and Ambassador appealed by filing a petition for Writs of Certiorari and Prohibition with the Court of Appeals for the Second District of Florida seeking to quash the State Circuit Court's order and thus enforce the voluntary dismissal. The Court of Appeals did so, even though Ambassador was very late in filing. *Ambassador Insurance Co. v. Highlands General Hospital*, 383 So.2d 254 (Fla.App.1980), petition for review denied, (Fla.1980) [No. 59,351, Sept. 17, 1980]. The reasoning was that the State Circuit Court's original order of dismissal for lack of jurisdiction had never become a final judgment. Under Florida law, a party has an absolute right to take a voluntary dismissal until a final judgment is rendered. *Fears v. Lunsford*, 314 So.2d 578 (Fla.1975).

**2.** § 607.304(2) states in relevant part:

(2) Without excluding other activities which may not constitute transacting business in this state, a foreign corporation shall not be considered to be transacting business in this state, for the purposes of this act, by reason of carrying on in this state any one or more of the following activities:

\* \* \* \* \* \*

(e) Effecting sales through independent contractors.

(f) Soliciting or procuring orders, whether by mail or through employees, agents, or otherwise, when such orders require acceptance without this state before becoming binding contracts.

\* \* \* \* \* \*

(i) Transacting any business in interstate commerce.

**3. Rule 1.420. Dismissal of Actions**

(a) **Voluntary Dismissal; Effect Thereof**.

(1) **By Parties**. Except in actions wherein property has been seized or is in the custody of the court, an action may be dismissed by plaintiff without order of court (i) by serving or during trial, by stating on the record, a notice of dismissal at any time before a hearing on motion for summary judgment, or if none is served or if such motion is denied, before retirement of the jury in a case tried before a jury or before submission of a non-jury case to the court for decision, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when served by a plaintiff who has once dismissed in any court an action based on or including the same claim. If a lis pendens has been filed in the action, a notice or stipulation of dismissal under this paragraph shall be recorded and cancels the lis pendens without the necessity of an order of court.

Furthermore, it is Florida's rule that on a properly taken voluntary dismissal, the previous order of the Court does not have a res judicata effect unless the plaintiff has previously taken a voluntary dismissal in another action including the same issue. Rule 1.420. See *Fears v. Lunsford, supra.* According to the Florida District Court of Appeal, Ambassador readily admitted that it sought a voluntary dismissal in state court to preclude the res judicata effect the State Circuit Court's previous dismissal for lack of jurisdiction would have had in Federal court.

We do not question the Florida Court of Appeals decision that the order of the Florida Circuit Court was interlocutory and that Ambassador's subsequent voluntary dismissal was proper. And under Florida law there can be no res judicata on any issue decided in this voluntarily dismissed case. It is clear that the Florida Circuit Court order was not, for res judicata purposes, a final judgment and thus cannot have any res judicata effect in Federal District Court.

Accordingly, the Federal District Court is now required to determine de novo whether under Fla.Stat. § 607.304(2), Ambassador is doing business within the State of Florida and whether under § 607.354(1) Ambassador would be able to maintain an action in state court. If the District Court ascertains that this action would be maintainable in state court, then it may proceed with the merits. If it is determined that state law would not allow this action in a state court, then of course the Federal case must be dismissed.

VACATED and REMANDED.