SIERRA ASSOCIATION FOR
ENVIRONMENT, Petitioner,

v.

FEDERAL ENERGY REGULATORY
COMMISSION, Respondent.

Kings River Conservation District,
Intervenor.

Kings River Water Association,
Intervenor.

No. 83–7054.

United States Court of Appeals,
Ninth Circuit.

Argued Jan. 10, 1984.

Submitted Jan. 15, 1984.

Decided May 3, 1984.

As Amended Oct. 16, 1984.

Glenn M. Kottcamp, Fresno, Cal., for petitioner.

Arlene Pianko Groner, Washington, D.C., for respondent.

Clifford W. Schulz, Kronick, Moskovitz, Tiedemann & Girard, Sacramento, Cal., for intervenor.

Before GOODWIN, PREGERSON and ALARCON [1], Circuit Judges.

GOODWIN, Circuit Judge.

Sierra Association for Environment (SAFE) petitions for review of a Federal Energy Regulatory Commission (FERC) order licensing a hydroelectric project. SAFE argues it is entitled to a trial-type evidentiary hearing before FERC to oppose the license.

In 1978 the Kings River Conservation District sought permission to construct a hydroelectric project in the Dinkey Creek area. The environmental report required by 18 C.F.R. § 4.41(f) accompanied its application to FERC. In 1979 FERC gave notice of the application and eventually received comments from the State of California, the California Department of Parks and Recreation, and the United States Departments of Interior, Agriculture (Forest Service), and the Army. In September 1979, FERC allowed the California Department of Fish and Game, the Kings River Water Association, the Fresno Audubon Society, Pacific Gas and Electric Company, and SAFE to intervene.

FERC issued a draft environmental impact statement (EIS) in November 1979 and invited interested parties to intervene or to comment on the draft EIS before January 7, 1980. The United States Departments of Interior, Commerce, and Agriculture, California agencies, environmental groups, individuals, and SAFE made comments. FERC issued a final environmental impact statement in August 1980. The EPA, California agencies, and individuals commented on it. In November 1980, SAFE made additional comments reiterating its objections to FERC's environmental reports.

In April 1980, SAFE moved for a "concurrent evidentiary and public hearing" on the project. In October 1980, two days of non trial-type hearings were held in Fresno, California, to take public comments.

In the same month the Conservation District made agreements with the California Department of Fish and Game and the United States Forest Service which addressed environmental concerns of the two agencies.

In March 1982 FERC granted the Conservation District a license for the project. In November 1982 FERC denied SAFE's petition for rehearing.

1. Capacity to sue

Before argument the Conservation District moved to dismiss SAFE's petition for review, arguing that SAFE was suspended for a brief period as a California corporation, that during that period it lacked capacity to sue under California law, and that the statute of limitations ran during that period. The motion was denied. The Conservation District now insists that SAFE's lack of capacity under California law during the suspension negates our jurisdiction.

■ SAFE's ability under California law as a suspended California corporation to initiate suit would be relevant if this action were under our diversity jurisdiction. *See Woods v. Interstate Realty Co.*, 337 U.S. 535, 69 S.Ct. 1235, 93 L.Ed. 1524 (1949); Fed.R.Civ.P. 17(b). But because this action arises under federal law, SAFE had capacity to sue as an unincorporated association, Fed.R.Civ.P. 17(b)(1), and any incapacity under California law is accordingly irrelevant.

2. Trial-type hearing

■ Under 16 U.S.C. § 825g (Federal Power Act) in conjunction with 5 U.S.C. § 554 (Administrative Procedure Act), this challenged hydroelectric licensing is an "adjudication required by statute to be determined on the record after opportunity

---

1. Judge Alarcon has been substituted for Judge Nelson who recused herself after oral argument. Judge Alarcon has listened to the argument tapes.

for an agency hearing." *Public Utility District No. 1 v. FPC*, 242 F.2d 672, 678 (9th Cir.1957), quoting 5 U.S.C. § 554(a).

SAFE wrongly maintains that *Public Utility*'s application of the Federal Power Act and the Administrative Procedure Act specifically requires a *trial-type* hearing in this case, *i.e.*, one with witnesses under oath, cross-examination, and compulsory process, rather than just a hearing. In *Public Utility*, the holder of a preliminary permit for a hydroelectric project filed a petition seeking limitations in a proposed license in order to protect its site from encroachment. The Commission proceeded to issue the license without any hearing whatsoever on the ground that in an "agreement" filed by the petitioner with the Commission, the petitioner had waived its right to a hearing. In that case, "instead of proceeding in the usual manner," *id.* at 674, there was a "complete failure of the Commission ... to hold any hearing ...." *Id.* at 682.

In the instant case, rather than denying SAFE the opportunity to participate in the licensing proceedings before it, the Commission opened the proceeding to participation by SAFE and all other interested parties. Moreover, in issuing the license, the Commission carefully considered SAFE's submissions and responded to each of its comments. Where, as here, SAFE was in fact afforded a hearing on its claims, *Public Utility* is not sufficient precedent for setting aside the Commission's action.

After *Vermont Yankee Nuclear Power Corp. v. NRDC*, 435 U.S. 519, 98 S.Ct. 1197, 55 L.Ed.2d 460 (1978), we cannot lightly impose additional procedural requirements on agency decision making. In addition to considering *Public Utility*'s application of the Federal Power Act and the Administrative Procedure Act, we have further examined the Administrative Procedure Act, the substantive statutes governing FERC's powers, and due process notions to determine whether any of them require greater procedural protection than was in fact accorded to SAFE. Because each of these potential sources of procedural requirements fails to yield any on the facts of this case, we decline to disturb FERC's order granting the license.

a. Administrative Procedure Act (APA)

Title 5 U.S.C. §§ 554, 556, and 557, the APA sections applicable to adjudications, do not automatically require a trial-type hearing in this case. Title 5 U.S.C. § 556(d) provides in part that

> A party is entitled to present his case or defense by oral or documentary evidence, to submit rebuttal evidence, and to conduct such cross-examination as may be required for a full and true disclosure of the facts.

SAFE had ample opportunity, of which it availed itself, to present evidence to FERC. SAFE is entitled to cross-examination only as required for a full and true disclosure of the facts. *Central Freight Lines, Inc. v. United States*, 669 F.2d 1063 (5th Cir.1982) (cross-examination is not an absolute right under 5 U.S.C. § 556). SAFE has not explained how a trial-type hearing with cross-examination would have produced a fuller and truer disclosure of the facts than the paper hearing process employed. In response to SAFE's request for a trial-type hearing, FERC's order granting the hydroelectric license stated, "[t]hose material facts required for an informed decision on whether or not a license should be issued are not in dispute."

■ As a threshold matter, SAFE had the burden of tendering evidence suggesting the need for an adjudicatory hearing on particular material questions of fact. *Costle v. Pacific Legal Foundation*, 445 U.S. 198, 214, 100 S.Ct. 1095, 1105, 63 L.Ed.2d 329 (1980); *Georgia-Pacific Corp. v. EPA*, 671 F.2d 1235, 1241 (9th Cir.1982). We conclude that SAFE's contentions do not rest on particular material questions of fact. Rather, SAFE's objections appear to result from different assessments of environmental values, energy independence goals, and future energy prices. These assessments are, of course, very relevant to the wisdom of licensing the hydroelectric project; however, trial-type procedure is

not helpful in resolving such value and policy conflicts. *See Marathon Oil Co. v. EPA*, 564 F.2d 1253, 1261 (9th Cir.1977) (correctly noting that APA procedures such as cross-examination are inappropriate for determinations resting on the "drawing of policy," but not recognizing that policy assessments may also be relevant outside of rulemaking procedures).

Title 5 U.S.C. § 556(d) concludes:

In ... applications for initial licenses an agency may, when a party will not be prejudiced thereby, adopt procedures for the submission of all or part of the evidence in written form.

FERC was within its discretion in adopting a "paper hearing" procedure because SAFE has completely failed to point out the existence of any specific disputed fact that should appropriately be resolved through a trial-type proceeding. Thus, SAFE has wholly failed to indicate how it will be prejudiced by a "paper-hearing" process. Our decisions in *Marathon Oil* and *Public Utility* establish that SAFE is entitled to a hearing on the record. Our decision in *Georgia-Pacific* explains that this hearing must be a trial-type hearing only when disputed facts material to the contested agency decision exist.

It was not clear at oral argument whether SAFE had indeed requested hearings on "disputed facts" "material to the contested agency decision." FERC's only response to SAFE's allegations had been the agency's flat statement, *supra*, that all relevant material facts "are not in dispute." After oral argument, we therefore afforded SAFE the opportunity to supply us with an index to the voluminous record in this case, indicating which "disputed facts" in the agency record properly required a trial-type hearing.

SAFE's response, although comprehensive, still does not point to disputed facts in the record that are material to the agency's decision sufficient to require trial-type hearings. Instead, SAFE has presented us with a laundry list of "inadequacies" and other criticisms of FERC's decision-making process. The only issue is SAFE's petition to this court, however, is whether trial-type hearings are required here. Although it submitted a mountain of words, SAFE failed to inform the court on what particular factual questions we should order a trial-type hearing. Nothing in SAFE's submission would give the court any guidance were we to order FERC to hold the requested hearings. We could hardly order FERC to "hold trial-type hearings" without giving the agency direction. *See Georgia Pacific*, 671 F.2d at 1235 (hearings not granted where all petitioner argued was that hearing was needed to "sharpen the issues" and "fully develop the facts"); *cf. Marathon Oil*, 564 F.2d at 1262 (adjudicatory hearings, with full procedural guarantees, required for determining precise issue whether particular effluent limitation was practicable). Thus, because SAFE has still not pointed adequately to disputed "facts" material to the agency's decision, we have no choice but to deny SAFE's petition.

b. Substantive statutes

■ The provision pursuant to which FERC licensed the hydroelectric project, 16 U.S.C. § 797(e), does not require FERC to hold a trial-type hearing. Indeed, FERC has the power to make its own rules and regulations concerning licensing of hydroelectric projects. 42 U.S.C. § 7172(h), 16 U.S.C. § 825g–h. It made a regulation providing:

Hearings are not required to be held in all of the Commission's proceedings. Where no hearing is held, the Commission acts on the basis of material filed and staff studies and recommendations thereon.

18 C.F.R. § 3.103 (1982), removed effective August 26, 1982, 47 Fed.Reg. 19,055 (1982).

■ From the extensive participation in the notice and comment procedures and FERC's responses to comments as well as SAFE's failure to point to any specific disputed facts, we are satisfied that FERC's refusal to hold a trial-type hearing did not prevent it from considering all the factors necessary to the rational exercise of agency discretion. *Cerro Wire & Cable v.*

*FERC,* 677 F.2d 124, 128 (D.C.Cir.1982) (FERC within its discretion in not holding formal evidentiary hearing). Thus, although we agree with the D.C. Circuit that the Commission "bears a weighty burden in justifying a denial of an evidentiary hearing," *General Motors Corp. v. FERC,* 656 F.2d 791, 798 (D.C.Cir.1981), neither the APA nor FERC's own regulations require a trial-type hearing in this case where there was no showing of disputed material facts. 656 F.2d at 798 and n. 20.

#### c. Due process

█ SAFE claims a Fifth Amendment liberty interest, subject to reasonable restrictions, in preservation of access to natural areas such as those with free flowing streams. It also claims Fifth Amendment entitlement to multiple-use management, including recreation, of National Forest Land (16 U.S.C. § 528), preservation of wetlands under Executive Order 11990 (42 Fed.Reg. 26,961 (1977)), preservation of wilderness (16 U.S.C. § 1131 *et seq.*), and protection against unjustified environmental damage under the National Environmental Policy Act (42 U.S.C. § 4321 *et seq.*). Without expressing an opinion on the validity of constitutionalizing these claims, all the process that would have been due in any event was provided. FERC's administrative regulations afforded SAFE the opportunity to air its claims by examining the evidence upon which FERC was relying and by submitting its own evidence. *Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976).

#### 3. Substantial evidence

In addition to arguing that it received inadequate procedural safeguards, SAFE argues that FERC's findings are not conclusive because they are not based on substantial evidence. 16 U.S.C. § 825*l.* As noted above, SAFE failed to comply with our request for specification of the factual

weaknesses of the record. Although purporting to do so, SAFE does not address the sufficiency of the evidence that was before FERC when it made its decision to license the project. SAFE fails to suggest what other evidence FERC should have obtained. We therefore decline to hold that FERC's decision was not supported by substantial evidence.

The petition for review is denied.[2]

---

**2.** Because of our disposition of this case, we need not address the parties' contentions con-

cerning the State Water Board proceedings.