Jeanne SHOWERS, Plaintiff,

and

Carl W. Sasse, Administrator of the Estate of Alice Mae Sasse, Intervenor/Plaintiff,

v.

Lynn E. SASSE, Defendant.

No. CIV. 83–5167.

United States District Court, D. South Dakota, W.D.

July 18, 1984.

William Jason Groves, Rapid City, S.D., for plaintiff.

Ronald Clabaugh, Bangs, McCullen, Butler, Foye & Simmons, Rapid City, S.D., for defendant.

## MEMORANDUM OPINION

BOGUE, Chief Judge.

### FACTS AND PROCEDURAL HISTORY

This is an action to recover damages based on a "constructive guardianship". On or about September 13, 1976, the Defendant Lynn E. Sasse, a resident of the State of South Dakota and an enrolled member of the Oglala Sioux Tribe, petitioned the Seventh Judicial Circuit for the County of Shannon, State of South Dakota, for his appointment as guardian of the person and the estate of Alice Mae Sasse. Alice Mae Sasse was an enrolled member of the Oglala Sioux Tribe. Lynn E. Sasse was appointed guardian of the person and the estate of Alice M. Sasse and served as guardian until December 11, 1981. On December 11, 1981, the Circuit Court heard objections to the inventory, appraisement and annual accounting by Lynn E. Sasse, and Lynn E. Sasse was removed as guardian of the person and the estate of Alice Mae Sasse.

On September 21, 1982, a trial was held in Circuit Court as to whether the guardian, Lynn E. Sasse, should be surcharged for failure to execute his duties as guardian of the estate of Alice Mae Sasse. Judgment was entered against Lynn E. Sasse in the amount of Seventy-Seven Thousand Seventy-Four and 95/100 Dollars ($77,-074.95) on January 31, 1983. An appeal to the South Dakota Supreme Court was filed. The Defendant then moved the trial court to dismiss the action for lack of subject matter jurisdiction because the personal property and ranch lands were located within the confines of the Pine Ridge Indian Reservation and said real estate was trust allotments. The trial court then dismissed the action for lack of subject matter jurisdiction.

The Plaintiff, Jeanne Showers, a resident of Colorado and an heir-at-law of Alice Mae Sasse, filed this action in Federal District Court alleging jurisdiction based on 28 U.S.C. § 1332 (diversity jurisdiction). Carl W. Sasse, an enrolled member of the Ogla-

la Sioux Tribe, and Administrator with Will Annexed of the Estate of Alice Mae Sasse, intervened as a Plaintiff. Carl W. Sasse is a Nebraska citizen. The Defendant then filed a motion to dismiss both Complaints for lack of subject matter jurisdiction, failure to state a claim upon which relief may be granted, and the doctrine of abstention.

## DECISION

### A. SUBJECT MATTER JURISDICTION

■ Diversity of citizenship is determined at the time the Complaint is filed. Wright and Miller, *Federal Practice and Procedure,* § 3608. However, the citizenship of an "indispensable party" must also be considered in determining diversity jurisdiction. *Id.* § 3606. If an administrator of an estate has control over litigation involving the estate, it is the citizenship of the administrator that controls. *Id.* Therefore, we have a Colorado Plaintiff (Jeanne Showers), a Nebraska Plaintiff/Intervenor (Carl W. Sasse), and a South Dakota Defendant (Lynn E. Sasse). It would appear that diversity jurisdiction exists. However, our inquiry cannot stop here.

The general rule in the past has been that in a diversity action, if one cannot recover in state court, then he cannot recover in federal court. *Woods v. Interstate Realty Co.,* 337 U.S. 535, 69 S.Ct. 1235, 93 L.Ed. 1524 (1949). It seems clear that a South Dakota State Court would lack subject matter jurisdiction in this case under the rule of *Williams v. Lee,* 358 U.S. 217, 79 S.Ct. 269, 3 L.Ed.2d 251 (1959) and a South Dakota Supreme Court decision, *O'Connell v. Hamm,* 267 N.W.2d 839 (S.D. 1978). We have an Indian plaintiff, and an Indian defendant.[1] The cause of action arose on an Indian reservation, and involves the parties' interest in both personal property located on the reservation and Indian trust land. Therefore, application of state law would interfere with reserva-

tion self-government. *See id.* at 841. Thus, it would appear that under the rule in *Woods* that this Court would have no jurisdiction. "If a federal court allows actions in diversity which a state itself expressly bars, not only would the court discriminate against the citizens of that state, but, more importantly, it would also invade the constitutional independence of the state and its ability to set its own policy." *American Indian National Bank v. Red Owl,* 478 F.Supp. 302, 304–05 (D.S.D.1979).

However, "the reason that [a state] lacks jurisdiction over this civil action is because of the special status given Indians under *federal* law, not because of any state policy consideration. *Poitra v. Demarrias,* 502 F.2d 23, 27 (8th Cir.1974) (emphasis in original).

In this case, we have an Indian Plaintiff (Carl W. Sasse) suing an Indian Defendant.[2] Thus, there can be no claim that the non-interference policy from *Williams* is violated. This dispute does not involve considerations of policy regarding tribal lands or customs. Therefore, there is no possible interference with tribal or reservation self-government. Thus, the two exceptions found in *Poitra* which would prevent this Court from taking jurisdiction where the statutory requirements for diversity are met are not present in this case. *Poitra,* 502 F.2d at 29. Therefore, this Court does have subject matter jurisdiction. This Court wants to emphasize that it reads *Poitra* as allowing subject matter jurisdiction only where the non-interference policy is not violated (Indian versus Indian), and where the dispute does not involve considerations of policy regarding tribal lands or customs.

### B. FAILURE TO STATE A CLAIM

■ On a motion to dismiss for failure to state a claim, this court is required to accept as true all material allegations of the Complaint and all allegations must be construed in the light most favorable to the

---

**1.** Although Jeanne Showers was considered as to whether there was diversity jurisdiction, she is not considered in this analysis because she was dismissed as a party in Part B, *infra.*

**2.** *See* note 1, *supra.*

Plaintiff. Wright and Miller, *Federal Practice and Procedure*, § 1363. "A Motion to dismiss a complaint should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." *Morman v. Standard Oil Co., Division of American Oil Co.*, 263 F.Supp. 911, 914 (D.S.D.1967). From reading the Complaints, it does not appear certain that the Plaintiff could not prove any facts in support of his claim for relief. Although the guardianship was void under state law for lack of subject matter jurisdiction, this does not mean that the Plaintiff cannot recover. The purpose of a motion to dismiss is to test the legal sufficiency of a Complaint. Wright and Miller, *Federal Practice and Procedure*, § 1363. This Complaint has met the test. Thus, the Defendant's motion for failure to state a claim is denied as to Carl W. Sasse.

■ In regard to Jeanne Showers, an heir-at-law, the situation is different. S.D. C.L. 30–15–2 provides:

[e]xecutives and administrators may maintain actions against any person who has wasted, destroyed, taken, or carried away, or converted to his own use, the goods of their testator or intestate in his lifetime. . . .

This is in accord with the general rule stated in 31 Am.Jur.2d Executors and Administrators, § 715, that "only an executor or an administrator can bring an action to recover personal assets belonging to a decedent's estate or to obtain damages for the conversion of personal property." Although South Dakota has not ruled on this matter, we believe that South Dakota would follow the general rule. *See C.I.R. v. Bosch*, 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967). Therefore, because the heir is not a proper party, her claim fails to state a claim upon which relief can be granted and the Defendant's motion to dismiss for failure to state a claim as to Jeanne Showers is granted.

## C. ABSTENTION

■ The Defendant has alleged that because the South Dakota Supreme Court has the issue of subject matter jurisdiction on appeal, and that the problems involved are matters that are so tied to probate that they should be left to state or tribal court, that this Court should dismiss this lawsuit based on the doctrine of abstention.

As stated in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976):

[a]s between state and federal courts, the rule is that the pendency of an action in state court is no bar to proceedings concerning the same matter in federal court having jurisdiction. (citations omitted) As between federal district courts, however, though no precise rule has evolved, the general principle is to avoid duplicative litigation. (citations omitted) The difference in general approach between state-federal concurrent jurisdiction and wholly federal concurrent jurisdiction stems from the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them.

*Id.* at 817, 96 S.Ct. at 1246.

Some of the factors to be considered in whether a court should abstain are:

(1) which court first assumed jurisdiction over the property;

(2) the inconvenience of the federal forum;

(3) the desirability of avoiding piecemeal litigation; and

(4) the order in which jurisdiction was obtained by the concurrent forums.

*Id.* at 818, 96 S.Ct. at 1246.

"No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required. (citation omitted). Only the clearest of justifications will warrant dismissal. *Id.* at 818–19, 96 S.Ct. at 1246–47.

Upon examining the facts of this case, it is the Court's conclusion that it would be

improper to dismiss this action based on the doctrine of abstention. Although there is an appeal pending in South Dakota Supreme Court, and that an action was filed in state court before federal court, we do not feel that this is determinative. We have determined that this court does have diversity jurisdiction and we have an affirmative duty to exercise that jurisdiction. We have determined that the state court has no jurisdiction in this matter. In addition, a state court judgment would be unenforceable on the reservation. Therefore, this is not an appropriate case for declining jurisdiction under the doctrine of abstention. Thus, we find that there is no clear justification warranting dismissal of this action. Therefore, the Defendant's motion to dismiss based on the doctrine of abstention is denied.