UNIVERSAL BONDING INSURANCE COMPANY, a New Jersey corporation, Plaintiff,

v.

ESKO & YOUNG, INC., an Illinois corporation, Ira Rosenberg and Theresa A. Rosenberg, Defendants.

No. 90 C 02995.

United States District Court, N.D. Illinois, E.D.

Sept. 28, 1990.

Edward P. McNeela, Neal R. Novak, McNeela & Griffin Ltd., Chicago, Ill., for plaintiff.

John A. Jeffries, Douglas J. Lipke, Kathryn L. Roseen, Keck Mahin & Cate, Gregory W. Beihl, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

The plaintiff, Universal Bonding Insurance Company, a New Jersey Corporation brought this contractual indemnity action against the corporate defendant, Esko & Young, Inc. ("Esko"), and the individual defendants Albert Ira Rosenberg and Theresa A. Rosenberg. Jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332. The Rosenbergs have moved to dismiss the action under 12(h) for lack of subject matter jurisdiction.[1] For the following reasons we deny the motion to dismiss.

## BACKGROUND [2]

On December 17, 1987, Esko and the Rosenbergs executed a General Indemnity Agreement ("Agreement") with Universal. Under the Agreement, Esko and the Rosenbergs agreed to indemnify Universal for losses and expenses Universal might incur in executing or procuring the execution of certain performance and payment bonds. *See* Agreement, attached as Exhibit A to Complaint. Universal had agreed to execute or procure those bonds in favor of Esko on construction projects in which Esko was involved. Relevant to this case are two bonds, the execution of which Universal procured through the North River Insurance Company ("North River"), a company authorized to transact insurance business in the State of Illinois. North River acted as surety on the two bonds. Nicosia Aff. at 2. Universal procured the execution of the bonds by entering into a reinsurance treaty with North River. That treaty authorized Universal to issue bonds in the name of North River conditioned

---

1. Rule 12(h), subsection 3, provides "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

2. The following background is based both on the allegations found in Universal's complaint and the affidavit of Robert A. Nicosia, submitted by Universal as part of its response to the motion. We reject the Rosenbergs' contention that we should not consider Nicosia's affidavit because it introduces factual allegations which raise a new claim for which Universal should have sought leave to amend. No new claim is introduced by the affidavit, which serves only to evidence further facts in response to the contention that Universal is not permitted to bring the present action.

upon an agreement that Universal assume reinsurance of liability on any such bonds so issued. *Id.* at 7. Universal never issued, executed or signed as a surety, or in any other capacity, a contract of suretyship or guaranty in the State of Illinois. Universal claims that it has sustained a loss in excess of $800,000, for which the Rosenbergs have refused to indemnify in accordance with the terms of the Agreement.

## DISCUSSION

■ A litigant who is barred from bringing an action in a particular state court may be similarly barred from bringing that action in federal court based solely on diversity. *Woods v. Interstate Realty Co.*, 337 U.S. 535, 538, 69 S.Ct. 1235, 1237, 93 L.Ed. 1524 (1948). The Rosenbergs have moved to dismiss contending that the Illinois Insurance Code prohibits Universal from suing to enforce the agreement without first obtaining a Certificate of Authority from the Illinois Department of Insurance. Ill.Stat.Ann. ch. 73, ¶ 733 *et seq.* The Rosenbergs rely specifically on Paragraph 733 of the Code, which provides in relevant part:

> (1) It shall be unlawful for any company to enter into a contract of insurance as an insurer or to transact insurance business in this State, without a certificate of Authority from the Director....
>
> \*    \*    \*    \*    \*    \*
>
> (4) ... no company transacting insurance business in this State without a certificate of authority shall be permitted to maintain an action in any court of this State to enforce any right, claim or demand arising out of the transaction of such business until such company shall have obtained a certificate of authority.

The Rosenbergs maintain that Universal's suit on the contract of indemnity arises out of Universal's transaction of insurance business in Illinois, as defined in Paragraph 733-3:

Any of the following acts in this State, effected by mail or otherwise by or on behalf of an unauthorized insurer, constitutes the transaction of an insurance business in this State.

\*    \*    \*    \*    \*    \*

(b) The making of or proposing to make, as guaranty or surety, any contract of guarantee or suretyship as a vocation and not merely incidental to any other legitimate business or activity of the guarantor or surety.

\*    \*    \*    \*    \*    \*

(d) The receiving or collection of any premium commission, membership fees, assessments, dues or other consideration for any insurance or any part thereof.

With regard to above subsection (b), the Rosenbergs point to language in the preamble to the Agreement which gives Universal the option of acting as surety, or procuring suretyship from others. They contend that this language evidences Universal's "proposing to make, as guaranty or surety, any contract of guarantee or suretyship." With regard to subsection (d), the Rosenbergs point to language in paragraph 1 of the Agreement, which provides for the payment of premiums by the Indemnitors to Universal "as and when each and every such bond or obligation is executed...."

■ Accepting the fact that those provisions may give rise to the transaction of business in Illinois for the purposes of the Code (which we do not doubt), this suit nevertheless does not concern any proposal by Universal to act itself as a surety, nor does it concern the collection of premiums by Universal for directly providing insurance. In this case, Universal did not exercise its option under the Agreement to act as a surety. Instead, Universal chose to procure contracts of suretyship from North River, a company that possesses a certificate of authority to transact the business of insurance in Illinois.[3]

3. In her reply, Theresa Rosenberg makes much of the fact that Universal refers to itself as the "Surety" throughout the complaint. We reject her contention, however, that Universal's choice of that nominal designation, obviously made for the purposes of clarity, should be deemed an admission that Universal acted as surety. Indeed, the allegations in the complaint clearly

It would appear, then, that this suit does not arise out of Universal's transactions of business as an insurer, but rather as a reinsurer. The Illinois Supreme Court has defined "reinsurance" for the purposes of the Code as a

> promise by one insurance company to reimburse the original insurer should it be compelled to pay under the policy of direct insurance the insured who suffered the original loss.... A contract of reinsurance is not one of insurance but simply one of indemnity....

*In re Liquidations of Reserve Ins. Co.*, 122 Ill.2d 555, 120 Ill.Dec. 508, 511–12, 524 N.E.2d 538, 541–42 (1988). That definition clearly embraces the nature of Universal's relationship with North River. *Id.*

The conclusion that Universal transacted business as a reinsurer is significant since, under the Code, the term "reinsurance" has a distinct and separate meaning from the term "insurance." *Id.*, 120 Ill.Dec. at 511–12, 524 N.E.2d at 541–42. Paragraph 733–2 of the Code, read in conjunction with Paragraph 733–2.02, declares that the "lawful transaction of reinsurance by insurers" may be done without a certificate of authority. Therefore, Universal is not barred from suing to enforce the Agreement, since the Rosenbergs' obligation to indemnify Universal arose out of losses which Universal incurred as a reinsurer, not as an insurer.

■ As a final argument, however, Albert Ira Rosenberg contends in his reply that the Code only authorizes domestic companies to engage in the business of reinsurance and therefore only domestic companies may be exempt as reinsurers from having to obtain a certificate of authority. Mr. Rosenberg relies on Paragraph 785, which provides:

> Reinsurance Authorized. Subject to the provisions of this article, any domestic

company may, by reinsurance agreement, accept any part or all of the risks of the kind which it is authorized to insure, and it may cede all or any part of its risks to another solvent company having the power to make such reinsurance. It may take credit for the reserves on such ceded risks to the extent reinsured subject to the exceptions provided in Sections 173.1 through 173.5.

Some time ago, the Seventh Circuit found that "this section is made applicable only to a 'domestic company,' having reference no doubt to a domestic insurance company." *Citizens Casualty Co. v. American Glass Co.*, 166 F.2d 91, 96–97 (7th Cir.1948). Mr. Rosenberg has cited to that case in support of his contention that only domestic insurance companies are authorized to engage in the business of reinsurance.

Mr. Rosenberg, however, fails to clearly articulate how that proposition, if it is to be believed, is dispositive of this case. Even if we assume that Universal was not authorized to transact any reinsurance in Illinois under Paragraph 785, the lack of a certificate of authority is irrelevant so long as the reinsurance transaction was otherwise lawful. *See* Code, ¶¶ 733–2, 2.02. Mr. Rosenberg's reliance on *Citizens Casualty* therefore is misplaced, because the court ultimately held that an unauthorized contract of reinsurance may nevertheless be lawful. In *Citizens Casualty*, a domestic company sought to dismiss a suit to enforce certain reinsurance contracts brought by a foreign company that was authorized to do business in Illinois. The defendant argued that the contracts were invalid and therefore unenforceable. The court found Paragraph 785 was applicable only to domestic insurance companies, and therefore a literal reading of the paragraph made it inapplicable to both parties: the plaintiff

---

indicate that Universal did not act as surety by executing or issuing the bonds in its own name, but rather that Universal procured the execution and issuance of the bonds. *See* Complaint at ¶¶ 7, 8, & 9. That distinction is also apparent in the Agreement, under which the Rosenbergs became obligated whenever Universal either executed or acted to procure the execution of sure-

tyship. Any ambiguity in such a distinction is resolved by the Agreement's definition of the term "Surety" for the purposes of the Agreement as including Universal, its reinsurers, "and any other person or entity which the surety *may procure to act as Surety* or co-surety on any bond...." Agreement at ¶ 11.

was a foreign insurance company,[4] and the defendant, while a domestic corporation, was not an insurance company or engaged in that business. The court further observed, however, that the paragraph nevertheless failed to prohibit the recognized common law right to enter into contracts of reinsurance. Thus, the court concluded that:

> The most that can be said is that [the paragraph] prescribes some limitation upon a domestic company in the exercise of [its common law right to enter into contracts of reinsurance]. The domestic company, however, is permitted to take credit for reserves on ceded risks if it reinsures with an authorized company, but the only penalty imposed for reinsuring with an unauthorized company is that the insurer shall not take credit for such reserves.

*Id.* After a lengthy discussion, the court determined that the legislature intended to distinguish between unauthorized insurance contracts and reinsurance contracts. *Id.* at 97. The court finally held that the defendant's lack of authority to enter into contracts of reinsurance "or its failure to obtain their approval by the Director of Insurance *do not make them unlawful either expressly or by implication.*" *Id.* (Emphasis added.)

That holding applies with equal force to this case. Even if Universal lacked authority to enter into its contract of reinsurance with North River, the contract of reinsurance was nevertheless lawful for the purposes of the reinsurance exemption from the Code's requirement of a certificate of authority.

## CONCLUSION

Because Universal was not required to obtain a certificate of authority prior to

filing suit, we deny the Rosenbergs' motion to dismiss. It is so ordered.

---

4. This conclusion may be criticized on the ground that the literal provisions of the paragraph are ambiguous on the question as to whether a foreign company may be authorized to provide reinsurance. The paragraph allows a domestic company to cede its risks—that is, to purchase reinsurance—from "another solvent company having the power to make such reinsurance." The phrase "another solvent insurance company," could either be read as a reference only to solvent domestic companies, or it could otherwise be read to mean any solvent company, including a foreign one.