**AMERICAN GUARANTY INSURANCE CO., Plaintiff,**

v.

**ASBESTOS CONTROL, INC., Defendant.**

**No. CV–91–0774.**

United States District Court,
M.D. Pennsylvania.

Feb. 28, 1992.

Kevin B. Watson, Katarincic and Salmon, Pittsburgh, Pa., for plaintiff.

Michael H. Collins, McNerney, Page, Vanderlin & Hall, Williamsport, Pa., for defendant.

## MEMORANDUM

McCLURE, District Judge.

### BACKGROUND

Plaintiff American Guaranty Insurance Co. ("American Guaranty") filed this diversity action[1] against defendant Asbestos Control, Inc. ("Asbestos Control") to recover premiums allegedly owed for insurance coverage which American Guaranty provided for the period from February through September, 1989. American Guaranty is a corporation created under the laws of the British West Indies with its principal place of business in the British West Indies. Asbestos Control is a Pennsylvania corporation in the business of removing or encapsulating asbestos from facilities where its continued presence is considered a hazard. The policy allegedly in effect for that period was a renewal policy (Renewal Policy No. AGI971103) issued pursuant to a written agreement by the parties to cover the policy period from February 1, 1989 through February 1, 1990. Premiums were to be determined and paid on a "per project" basis. Plaintiff alleges that it is owed $276,902.99 in unpaid premiums for such coverage. Plaintiff asserts two causes of action: (1) breach of contract and (2) quantum meruit.

Before the court is a motion (Record Document No. 7, filed September 3, 1991) to dismiss the complaint for (1) lack of capacity to sue and (2) failure to state a cause of action. Defendant's motion to dismiss for lack of capacity to sue will be granted.

---

1. 28 U.S.C. § 1332.

DISCUSSION

*Motion to dismiss for lack of capacity to sue*

Defendant argues that plaintiff lacks the capacity to sue in this court because it failed to obtain a certificate of authority to do business in Pennsylvania from the Pennsylvania Insurance Department, as required by the Pennsylvania Insurance Code, 40 P.S. § 46.[2] Section 46 provides, in relevant part:

(a) No insurance company ... shall do an insurance business within this Commonwealth without first having obtained a certificate of authority from the Insurance Commissioner authorizing such company ... to do such business.

. . . .

(b) Any of the following acts constitute the doing of an insurance business within this Commonwealth, whether effected by mail or otherwise:

(1) the issuance or delivery of contracts of insurance to persons resident in this Commonwealth, or

(2) the solicitation of applications for such contracts, or other negotiations preliminary to execution of such contracts, or

(3) the collection of premiums, membership fees, assessments or other consideration for such contracts, or

(4) the transaction of matters subsequent to execution of such contracts and arising out of them.

Defendant argues that the penalty under the Pennsylvania Business Corporation Law of 1988, 15 Pa.C.S.A. §§ 1101 *et seq.*, for failing to obtain such a certificate is the inability to bring suit. Defendant relies on 15 Pa.C.S.A. § 4141(a), which provides:[3]

**(a). Right to bring actions or proceedings suspended.**—A non-qualified foreign business corporation doing business in this Commonwealth within the meaning of Subchapter B (relating to qualification) shall not be permitted to maintain any action or proceeding in any court of this Commonwealth until the corporation has obtained a certificate of authority. Nor, expect as provided in subsection (b), shall any action or proceeding be maintained in any court of this Commonwealth by any successor or assignee of the corporation on any right, claim or demand arising out of the doing of business by the corporation in this Commonwealth until a certificate of authority has been obtained by the corporation or by a corporation that has acquired all or substantially all of its assets.

Plaintiff concedes that it does not have a certificate of authority from the Pennsylvania Insurance Department (Record Document No. 12, filed November 4, 1991, para. 5), but argues that under 15 Pa. C.S.A. § 4141(b), this is not a barrier to filing an action in this court to recover premiums allegedly owed. Section 4141(b) states in relevant part: "The failure of a foreign business corporation to obtain a certificate of authority to transact business in this Commonwealth shall not impair the validity of any contract or act of the corporation...." Plaintiff does not argue that any of the exceptions to the requirement that insurance companies obtain a certificate of authority, set forth in 40 P.S. § 46(e), apply to it.

Although the language of 15 Pa.C.S.A. § 4141(a) refers only to the courts of this Commonwealth, by definition, the state courts of Pennsylvania, the United States Supreme Court has held that under the

---

**2.** Section 46 operates in conjunction with 15 Pa.C.S.A. § 4121(c), which provides that "foreign insurance corporations" are not required "to procure a certificate of authority under this subchapter" of the Pennsylvania Business Corporation Law.

**3.** It is interesting to note that until recently, the Pennsylvania Business Corporation Law did not apply to insurance corporations, which were governed by the more specific provisions of the Pennsylvania Insurance Code. *United States Fi-*

*delity and Guaranty Co. v. DiMassa,* 561 F.Supp. 348, 352–53 (E.D.Pa.1983) ("[E]ven without a title 15 certificate of authority, any company subject to title 40, dealing generally with insurance, has the capacity to maintain a lawsuit in Pennsylvania.")

That changed in 1990 with the repeal of 40 P.S. § 466, among other sections of the Insurance Code, subsequent to the adoption of the Business Corporation Law of 1988.

policy adopted in *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), such statutes operate to limit access to the federal courts in actions based solely on diversity jurisdiction. *Woods v. Interstate Realty Co.,* 337 U.S. 535, 69 S.Ct. 1235, 93 L.Ed. 1524 (1949). Otherwise, the Court held in *Woods, supra,* federal law would discriminate in favor of "those authorized to invoke the diversity jurisdiction of the federal courts" to the detriment of those not authorized to invoke such jurisdiction. "It was that element of discrimination that *Erie R. Co. v. Tompkins* was designed to eliminate." *Woods, supra,* 337 U.S. at 538, 69 S.Ct. at 1237. The Court's holding in *Woods* was premised on the theory that "a right which local law creates but which it does not supply with a remedy is no right at all for purposes of enforcement in a federal court in a diversity case; that where in such cases one is barred from recovery in the state court, he should likewise be barred in the federal court." *Woods, supra,* 337 U.S. at 538, 69 S.Ct. at 1237, citing *Guaranty Trust Co. v. York,* 326 U.S. 99, 108, 65 S.Ct. 1464, 1469, 89 L.Ed. 2079 (1945).

Plaintiff's argument that section 4141(b) overrides the prohibition against suits stated in section 4141(a) is untenable. Section 4141(a) specifically and unambiguously states that companies lacking a certificate of authority may not sue in Pennsylvania courts. Plaintiff's interpretation of section 4141(b) as allowing suits to enforce a contract despite the lack of a certificate of authority would make it directly contrary to section 4141(a). Such an interpretation is inconsistent with the Pennsylvania rules of statutory construction which provide, *inter alia,* that (1) in ascertaining the intent of the legislature, the courts shall presume that the legislature did not intend a result which is absurd or unreasonable and that it intended the entire statute to be effective and certain; and (2) "[w]henever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both." 1 Pa.C.S.A. §§ 1922 and 1933.

For these reasons, we will grant defendant's motion to dismiss for lack of capacity to sue.

*Motion to dismiss for failure to state a cause of action*

Our ruling granting the motion to dismiss on another ground renders moot defendant's motion to dismiss for failure to state a cause of action.