**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1291
_____

GENERATIONAL EQUITY LLC

v.

RICHARD SCHOMAKER;
PITT CHEMICAL & SANITARY SUPPLY HOLDING CO., INC.,
Appellants

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-13-cv-01105)
District Judge:  Honorable Chief Magistrate Judge Lisa P. Lenihan

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 27, 2014

Before:  McKEE, *Chief Judge*, GREENAWAY, JR. and KRAUSE, *Circuit Judges*.

(Opinion filed:  February 23, 2015)

_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Chief Judge*.

Richard Schomaker and Pitt Chemical & Sanitary Supply Holding Company, Inc. (collectively "Schomaker") appeal the District Court's denial of their motion to dismiss and the resulting entry of judgment in favor of Generational Equity LLC ("GE"). We will affirm.[1]

I.

The District Court refused to rule on the jurisdictional challenge Schomaker raised in its motion to dismiss because the court believed that the challenge was procedurally improper. However, "[a] federal court has the obligation to address a question of subject matter jurisdiction *sua sponte.*" *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999), *abrogated on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005).

The FAA provides:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then . . . any party to the arbitration may apply to the court so specified for an order confirming the award . . . . If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9 (1947). Thus, under the FAA, the parties to an arbitration agreement may specify a court in which any arbitration award may be confirmed. In the arbitration

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. "On appeal from a district court's ruling on a motion to confirm or vacate an arbitration award, we review its legal conclusions de novo and its factual findings for clear error." *Sutter v. Oxford Health Plans LLC*, 675 F.3d 215, 219 (3d Cir. 2012) (citing *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 947–48 (1995)).

2

agreement before us, the parties agreed that arbitration would be "administered by and under the rules of the American Arbitration Association in accordance with its Commercial Arbitration Rules." (Second Am. Compl. ¶ 10; Ex. A). American Arbitration Association Rule 48(c) provides that "[p]arties to an arbitration . . . shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof." Thus, Schomaker effectively consented to having the award confirmed in any federal or state court with jurisdiction.

GE contends that the District Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, and there is no dispute as to the diversity of citizenship or the amount in controversy—both are sufficient to establish diversity jurisdiction. The only dispute is whether a Pennsylvania law which would preempt jurisdiction applies to this case. The parties agree that GE is not registered to do business in Pennsylvania. Under Pennsylvania law, "[a] nonqualified foreign limited partnership doing business in this Commonwealth may not maintain any action or proceeding in any court of this Commonwealth until it has registered . . . ." 15 Pa. Cons. Stat. Ann. § 8587a, *repealed by* 2013 Pa. HB 2234 (2014) (effective July 1, 2015). However, GE did not bring this action to confirm the arbitration award "in any court of this Commonwealth." Rather, GE brought this action in a federal district court that is situated in Pennsylvania. Nevertheless, the Pennsylvania statute has been applied to district courts sitting in Pennsylvania. *Empire Excavating Co. v. Maret Dev. Corp.*, 370 F. Supp. 824, 825 (W.D. Pa. 1974) ("the fact that . . . this action [was brought] in federal court will not affect the applicability of the [statute]."). In extending the statute's application to federal courts

3

sitting in Pennsylvania,[2] the court in *Empire* relied on *Woods v. Interstate Realty Co.*, 337 U.S. 535 (1949).  There, the Supreme Court held that, under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a Mississippi statute barring recovery in the courts of the state necessarily barred recovery in the federal courts within Mississippi as well.  *Id.* However, that decision does not control our inquiry under the FAA.

It is well established that the FAA "pre-empts application of state laws which render arbitration agreements unenforceable."  *Volt Info. Scis., Inc. v. Bd. of Trs.*, 489 U.S. 468, 472 (1989).  Thus, where "state law prohibits outright the arbitration of a . . . claim . . . [t]he conflicting rule is displaced by the FAA."  *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1747 (2011) (citing *Preston v. Ferrer*, 552 U.S. 346, 353 (2008)).  We realize, of course, that although preemption is well-settled law and has been applied consistently to motions to enforce or compel arbitration agreements, the motion currently before us is not a motion to enforce an arbitration agreement.[3]  Here, an arbitration *award* is being enforced.  We believe that is a distinction without a difference.

In interpreting §§ 2, 3, and 4 of the FAA, the Supreme Court has explained that "[t]he overarching purpose of the FAA . . . is to ensure the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings."  *AT&T Mobility*, 131 S. Ct. at 1748.  Indeed, "the FAA was designed to promote arbitration."  *Id.* at 1749.  "[The Supreme] Court, in considering the validity of state laws in the light of . .

---

[2] While the *Empire* court did extend the statue's application to a federal district court, notably, the case did not arise under the FAA, but from a breach of contract claim. *Empire Excavating Co.*, 370 F. Supp. at 824.
[3] Indeed, on May 29, 2013, an arbitration award was obtained—thus fulfilling the arbitration agreement.

. federal laws touching the same subject, has made use of the following expressions: conflicting; contrary to; occupying the field; repugnance; difference; irreconcilability; inconsistency; violation; curtailment; and interference." *Hines v. Davidowitz*, 312 U.S. 52, 67 (1941). The preemption inquiry essentially boils down to "whether, under the circumstances of [the] particular case, [the] law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Id.*

We agree that, although Pennsylvania law does not address the enforceability of this arbitration agreement, the Commonwealth's law nevertheless stands as an obstacle to the accomplishment of the intended objectives of the FAA. Indeed, Schomaker's own argument proves as much. In arguing that Pennsylvania's restriction on unregistered businesses prevents the District Court from exercising its authority here, Schomaker notes: "[e]very state in the country has a statute similar to Pennsylvania's which bars unregistered foreign businesses from utilizing that state's courts for any purpose. Those statutes in general and Pennsylvania's in particular are comprehensive, barring 'any action of proceeding.'" Appellants' Br. at 5. Such laws, including Pennsylvania's, are inconsistent with the enforcement mechanism established under the FAA and cannot be read to preclude a federal district court from exercising the authority Congress clearly intended under the FAA. Accordingly, we find that 15 Pa. C.S. § 8587 is preempted by the FAA under the circumstances here.

## IV.

In light of the above, we will affirm the District Court's January 16, 2014 entry of judgment in favor of GE.